ELECTRONICALLY FILED
2024 Apr 08 10:34 AM
CLERK OF COURT - CIRCUIT

IN THE CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH
JUDICIAL DISTICT AT MEMPHIS, SHELBY COUNTY, TENNESSEE

| | | |
|---|---|---|
| SYMARA A.C. YOUNG<br>Plaintiff | * * * * | CASE NO:_____ |
| Versus | * * | DIVISION/JUDGE:_____ |
| MEMPHIS POLICE DEPARTMENT<br>AND MARTERRION BRISCOE<br>Defendants | * * * | |

## COMPLAINT

NOW COMES, Plaintiff, Symara A.C. Young, appearing herein through his undersigned counsel, who brings this cause of action against the Defendants, and respectfully represents:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Symara A.C. Young is a resident of the full age of majority and domiciled in Memphis, Shelby County, Tennessee.

2. Defendant, Memphis Police Department, is the municipal police department for the City of Memphis, which has waived its sovereign immunity pursuant to Tenn. Code Ann. Sec 29-20-202, and which can be served through its Chief, Cerelyn "C.J." Davis, 170 NORTH MAIN STREET, MEMPHIS, TENNESSEE 38103

3. Defendant, Marterrion Brisco, is a resident of the full age of majority and domiciled in Memphis, Shelby County, Tennessee, who may be served with process at 3196 SOUTHBRIDGE STREET, MEMPHIS, TENNESSEE 38118.

4. This cause arises from an automobile accident that occurred on or about May 6, 2023, in Memphis, Shelby County, Tennessee, resulting from a high-speed chase engaged by the Defendant, Memphis Police Department, of a vehicle operated by Defendant, Marterrion Brisco, in which Plaintiff, Symara A.C. Young was a passenger, resulting in severe injuries to Symara A.C. Young.

5. Pursuant to the above, and in accordance with Tenn. Code Ann. Sec 29-20-307, jurisdiction and venue are proper in this Honorable Court.

**EXHIBIT A**

## II.    FACTS

6. On or about May 6, 2023, Plaintiff, Symara A.C. Young, was a guest passenger in a 2013 Infiniti G37 owned by Xavier Hunt and being operated with his permission by Defendant Marterrion Brisco.

7. Plaintiff, Symara A.C. Young was one of six passengers in the 2013 Infiniti G37, in addition to the driver, Defendant Marterrion Brisco.

8. At all times herein, Defendant Marterrion Brisco, was operating the 2013 Infiniti G37 eastbound on Park Avenue in Memphis, Shelby County, Tennessee.

9. At the same time, two sworn police officers employed by Defendant, Memphis Police Department, and operating a marked police unit owned by the Defendant, Memphis Police Department, engaged in a high-speed pursuit of the 2013 Infiniti G37 operated Defendant Marterrion Brisco.

10. Upon information and belief, the two sworn police officers referenced above, as part of the high-speed pursuit, struck from behind the 2013 Infiniti G37 operated by Defendant Marterrion Brisco.

11. The impact between the marked police unit owned by Defendant, Memphis Police Department, and being operated by two sworn police officers of Defendant, Memphis Police Department, caused Defendant Marterrion Brisco, to lose control of the 2013 Infiniti G37, cross the centerline of Park Avenue, strike a vehicle traveling westbound on Park Avenue, and then exit Park Avenue to the north, striking a chain link fence, a metal awning, and a brick building, and then catching on fire.

12. During the collision, Plaintiff Symara A.C. Young was ejected through the sunroof of the 2013 Infiniti G37.

13. At all times herein, the sworn police officers of the Defendant, Memphis Police Department, referenced above, were working in the course and scope of their employment with Defendant, Memphis Police Department.

14. As a direct and proximate result of the accident described above, Plaintiff, Symara A.C. Young, sustained serious injuries, including harms of both an economic and non-economic type.

### III. CAUSES OF ACTION

15. Plaintiff, Symara A.C. Young, respectfully shows that pursuant to Tenn. Code. Ann. Sec. 55-8-108(d), the sworn officers of Defendant, Memphis Police Department, had a duty to operate their marked unit with due regard for the safety of others, and to not operate such a vehicle in reckless disregard for the safety of others.

16. Plaintiff, Symara A.C. Young, respectfully shows that the decision of the sworn officers of Defendant, Memphis Police Department, to engage in a high-speed pursuit of the 2013 Infiniti G37 operated by Defendant Marterrion Brisco constituted a breach of the duty set forth above and was unreasonable in the following respects:

    a. There was a high degree to risk of injury to innocent third parties, particularly the passengers in the 2013 Infiniti G37 operated by Defendant Marterrion Brisco:

    b. The speed and area of the pursuit, an inner-city street created a high degree of risk of an accident resulting:

    c. The presence of other traffic created a high degree of risk of an accident resulting:

    d. The danger posed by the fleeing suspect, presumably Defendant Marterrion Brisco, created a high risk of injury to others.

17. The actions of the sworn officers of Defendant, Memphis Police Department, was the proximate cause the injuries sustained by Plaintiff, Symara A.C. Young, because such actions were a substantial factor in bringing about the accident described above, because it was reasonably foreseeable that engaging in a high-speed chase and striking the 2013 Infiniti G37 would result in a violent collision.

18. Defendant Marterrion Brisco, was guilty of common law acts of negligence, gross negligence, malicious and reckless misconduct through the following, non-exclusive acts and/or omissions:

    a. Failing to keep a proper lookout.
    b. Failing to see what he should have seen.
    c. Operating his vehicle at an excessive rate of speed.
    d. Failure to exercise prudent care.

    e. Failing to keep his vehicle under proper control.

    f. Driving her vehicle in a wanton and reckless and malicious manner without due regard for the safety of persons or property, in violation of his common law duties.

19. Defendant Marterrion Brisco, was also guilty of negligence *per se,* in that he also violated the following, non-exclusive Tennessee "Rules of the Road" statutory provisions:

    a. Tenn. Code Ann. Sec. 55-8-103. Required obedience to traffic laws.

    b. Tenn. Code Ann. Sec. 55-8-136. Failure to exercise due care.

    c. Tenn. Code Ann. Sec. 55-8-205(a). Reckless driving.

    d. Tenn. Code Ann. Sec. 55-8-109. Obedience to traffic control devices.

    e. Any and all other violations to be shown at the trial of this matter

### IV. CAUSATION

20. Plaintiff, Symara A.C. Young, hereby incorporates by reference the allegations and causes of action pled in the prior Paragraphs of this Complaint. Each and all of the foregoing common law acts and omissions of negligence by the sworn officers of Defendant, Memphis Police Department, and the common law acts of negligence and the negligence *per se* violations by the Defendant Marterrion Brisco, singularly and/or in combination with one another, directly and proximately caused the motor vehicle collision set forth herein, and said acts, omissions, and violations are a direct, actual, and proximate cause of injuries suffered by the Plaintiff, Symara A.C. Young, which persist, and the damages set forth below.

### V. DAMAGES

21. Plaintiff, Symara A.C. Young, avers that as a direct, actual, and proximate result of the common law and statutory acts and omissions of negligence, and recklessness on the part of the sworn officers of Defendant, Memphis Police Department and Defendant Marterrion Brisco, Plaintiff, Symara A.C. Young, incurred the following, non-exclusive damages:

    a. Severe and permanent injuries and permanent disability:

    b. Pain and suffering, past and future.

    c. Mental anguish, past and future.

    d. Loss of enjoyment of life, past and future.

    e. Scarring and disfigurement.

    f. Death of her unborn son Tavares Scales, Jr.

    g. Physician, medical, and hospital expenses, past and future.

    h. Loss of wages and earning capacity.

    i. All other relief to which Plaintiff, Symara A.C. Young is entitled under Tennessee law.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Symara A.C. Young, sues the Defendant, Memphis Police Department, for compensatory damages of the maximum amount allowable pursuant to Tenn. Code Ann. Sec. 29-20-403(b)(4), for accrued pre- and post-judgment interest at the legal rates, for all costs of these proceedings, and any and all further damages to which she may be entitled.

**WHEREFORE**, Plaintiff, Symara A.C. Young, sues the Defendant Marterrion Brisco, for compensatory damages greater than Twenty-Five Thousand Dollars ($25,000.00), for accrued pre- and post-judgment interest at the legal rates, for all costs of these proceedings, and any and all further damages to which she may be entitled.

Respectfully Submitted:

**ALEXANDER SHUNNARAH INJURY LAWYERS**

*s./Matthew W. Pryor*
Matthew W. Pryor (La. Bar Roll #23,903)
Licensed in Louisiana, Tennessee
Application Pending – Licensed to
Practice Pursuant to Tenn. Sup. Ct.
R. 7 Sec. 10.07
2000 Meridian Boulevard Suite 225
Franklin, Tennessee 37067
Telephone (615)514-6710
Email: mpryor@asilpc.com

Affiliated Attorney
*s./ James S. Sullivan*
James S. Sullivan (BPR No. 036332)
2000 Meridian Boulevard Ste. 225
Franklin, Tennessee 37067
Telephone: (615)514-6712
Email: jsullivan@asilpc.com

*Attorneys for plaintiff.*