IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**SYMARA A.C. YOUNG,**

    **Plaintiff,**

v.                                                          No. 2:25-cv-02799

**MEMPHIS POLICE DEPARTMENT and**
**MARTERRION BRISCOE,**

    **Defendants,**

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF DEFENDANT CITY OF MEMPHIS'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

      COME NOW Defendants City of Memphis and Memphis Police Department and file this Memorandum of Facts and Law in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating to the Court as follows:

**I.**     **Background**

      This case originated in state court. On July 11, 2025, Plaintiffs amended their complaint to convert this to a civil rights action. Plaintiffs state succinctly in their first paragraph:

> Plaintiff Symara A.C. Young brings this cause of action for federal constitutional violations and state law personal and tortious injuries suffered by Plaintiff Symara A.C. Young because of Defendants' intentional, callous, unreasonable, and unlawful pursuit while Defendants acted under color of law. Plaintiff Symara A.C. Young brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and/or severally deprived Plaintiff Symara Young her federally protected civil liberties and privileges to be free from unreasonable excessive force, and to be free from arrest without just cause, U.S. CONST. amends IV, XIV as well as derivative claims and damages.

(Am. Compl. ¶ 1.) Because the case then centered upon Constitutional violations, Defendant City of Memphis removed the matter to federal court.

Section VIII of the Amended Complaint delineates Plaintiffs' civil rights claim. It contains three separate claims: 1. Peace/Officer Deputy Liability; 2. Municipal Liability; and 3. Tennessee Governmental Tort Liability. (Id. ¶¶ 44-87.) The operative facts supporting all three of these claims arise out of a single police chase on May 6, 2023. (Id. ¶¶ 16-26.)

## II. Law and Argument

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." It permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). If a court decides that the claim is not plausible, the case may be dismissed at the pleading stage. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

When evaluating a 12(b)(6) motion, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 679 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see also Hill v. Blue Cross & Blue Shield of Mich., 409 F.3d 710, 720 (6th Cir. 2005) ("accept[ing] as true the complaint's allegations," the Court "draw[s] all reasonable inferences from them in favor of [the plaintiff]").

A complaint need not contain detailed factual allegations. Twombly, 550 U.S. at 570. A plaintiff without facts who is "armed with nothing more than conclusions," however, cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678–79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd, 481 F. App'x 252 (6th Cir. 2012). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The Sixth Circuit has emphasized that the "combined effect of Twombly and Iqbal [is to] require [a] plaintiff to have a greater knowledge . . . of factual details in order to draft a 'plausible complaint.'" New Albany Tractor, Inc. v. Louisville Tractor, Inc., 650 F.3d 1046, 1051 (6th Cir. 2011) (citation omitted). Stated another way, complaints must contain "plausible statements as to when, where, in what or by whom." Center for Bio–Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 373 (6th Cir. 2011).

B.  The Complaint Does Not Assert A Cognizable Claim Under 42 U.S.C. § 1983

In cases of local government liability, a plaintiff must allege the following: (1) that the plaintiff has suffered a deprivation of a constitutional right; and (2) the local government is responsible for that violation. Doe v. Claiborne Cnty., Tenn. By and Through Claiborne Cnty. Bd. of Educ., 103 F.3d 495, 505–506 (6th Cir.1996). Furthermore, "a municipality cannot be held liable under § 1983 on a respondeat superior basis." Mhoon v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee, No. 3:16-cv-01751, 2016 WL 6250379, at *6 (M.D. Tenn. Oct. 26, 2016) (citing Thomas v. City of Chattanooga, 398 F.3d 426, 432-33 (6th Cir. 2005)). Rather, municipal liability under § 1983 arises "'when execution of a government's policy or custom . . . inflicts the injury' of a constitutional violation." David v. City of Bellevue, Ohio, 706 F. App'x

847, 850 (6th Cir. 2017) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). A plaintiff may establish municipal liability through any of several theories: "(1) the existence of an illegal policy or legislative enactment; (2) that an official [with] final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence in federal rights violations." Stewart v. City of Memphis, No. 2:16-cv-02574-SHM, 2019 WL 332812, at *12 (W.D. Tenn. Jan. 25, 2019) (citing Burgess v. Fischer, 735 F.3d 462, 478 (6th Cir. 2013)).

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 563 U.S. 51, 60 (2011). To establish municipal liability on this basis, a plaintiff must show "'(1) the training program was inadequate to the task the officer must perform, (2) the inadequacy is a result of the municipality's deliberate indifference, and (3) the inadequacy is closely related to or actually caused the plaintiff's injury.'" Epperson, 140 F. Supp. at 684 (quoting Bonner–Turner v. City of Ecorse, 627 F. App'x 400, 414 (6th Cir. 2015)).

Deliberate indifference requires a showing of "prior instances of unconstitutional conduct demonstrating that the municipality has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." Id. (quoting Plinton v. Cnty. of Summit, 540 F.3d 459, 464 (6th Cir. 2008)); see also Birgs v. City of Memphis, 686 F.Supp.2d 776, 780 (W.D. Tenn. 2010). "The easiest way for an individual to meet this burden is to point to past incidents of similar police conduct that authorities ignored." Birgs, 686 F.Supp.2d at 780; see also Miller v. Calhoun Cnty., 408 F.3d 803, 816 (6th Cir. 2005). "A single constitutional violation may trigger liability if it is 'accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for

4

such a violation[.]'" Epperson, 140 F.Supp.3d at 685 (quoting Bonner–Turner, 627 F. App'x at 414). "For liability to attach under this circumstance, 'the record must show a complete failure to train the police force, training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result.'" Id. (citing Harvey v. Campbell Cnty., Tenn., 453 F. App'x 557, 567 (6th Cir. 2011)). That is, "if the need for more or different training is so obvious that the [municipality] is shown to have been deliberately indifferent to the need, then the [entity] may be deemed to have had a policy of deliberate indifference." Id. at 563 (internal quotations omitted). "However, mere allegations that an officer was improperly trained or that an injury could have been avoided with better training are insufficient to make out deliberate indifference." Id. (internal quotations omitted).

Where a plaintiff asserts a claim of a custom of tolerance toward constitutional violations, i.e., a custom of inaction, she must show "(1) a clear and persistent pattern of misconduct, (2) notice or constructive notice on the part of the municipality, (3) the defendant's tacit approval of the misconduct, and (4) a direct causal link to the violations." Nouri v. Cnty. of Oakland, 615 F. App'x 291, 296 (6th Cir. 2015) (internal quotation marks omitted); see also Burgess, 735 F.3d at 478 ("a custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims"). The Sixth Circuit has "never found notice of a pattern of misconduct (or the pattern itself) solely from the mistreatment of the plaintiff." Nouri, 615 F. App'x at 296. Relying solely upon his or her own experience is thus insufficient to state a claim against the municipality. Id.; see also Epperson, 140 F.Supp.3d at 685. A claim based on a custom of tolerance likewise requires a showing of deliberate indifference. Id. (citing Key v. Shelby Cnty., 551 F. App'x 262, 267 (6th Cir. 2014); D'Ambrosio v. Marino, 747 F.3d 378, 387–88 (6th Cir. 2014)).

5

The Sixth Circuit has routinely found that conclusory, speculative allegations are insufficient to state a plausible claim for relief against a municipality under either theory. In Brent v. Wayne Cnty. Dep't of Human Servs., 901 F.3d 656 (6th Cir. 2018), the court determined that plaintiffs' complaint was properly dismissed where it failed to "allege a single fact that suggests, plausibly or otherwise, that the Detroit Police Officers' purported Fourth Amendment violations were the result of a custom, policy, or practice of" the City of Detroit. Id. at 698 (internal quotations omitted). The court noted that plaintiffs' later filings indicated "the Detroit Police Department was under a consent order to cure the very Fourth Amendment violations that occurred and was therefore well aware that constitutional violations were occurring on a regular bas[i]s but nevertheless "took no steps whatsoever to attempt to cure these issues." Id. (internal quotations omitted). While the appellate court determined that the district court properly declined to consider these allegations because they were contained in a response to a motion for judgment on the pleadings instead of the complaint, the panel still characterized them as "vague," suggesting that even adding such factual allegations would have been insufficient to state a plausible claim for relief. Id. Likewise, in Bickerstaff v. Lucarelli, 830 F.3d 388 (6th Cir. 2016), the court affirmed dismissal of a complaint because its "speculative allegations fall short of stating a claim against the City." Id. at 402. Specifically, the court noted that:

> Beyond the blanket assertions that the City "condon[ed]" or "tolerat[ed]" police officer misconduct, she points to no facts that would indicate the existence of such an official policy or custom. Nor does Bickerstaff put forth any facts suggesting that the City ignored a "clear and persistent pattern" of misconduct. With no factual allegations showing a formal policy or any prior incidents to support the City of Cleveland's adoption of such an informal practice or custom, Bickerstaff's *Monell* municipal liability claim accordingly fails.

Id.

Plaintiffs' Monell allegations are nothing more than the formulaic recitations proscribed by precedent. The Sixth Circuit has routinely found that conclusory, speculative allegations are insufficient to state a plausible claim for relief against a municipality. See, e.g., Brent v. Wayne Cnty. Dep't of Human Services, 901 F.3d 656, 698 (6th Cir. 2018); Bickerstaff v. Lucarelli, 830 F.3d 388, 402 (6th Cir. 2016). Indeed, in large part, Plaintiffs' allegations are just familiar legal principles, repackaged as factual allegations.

Although lengthy, Plaintiffs' Complaint contains no allegations (conclusory or otherwise) that would state a cognizable claim under 28 U.S.C. § 1983. The allegations are all specific to Plaintiffs and the immediate actions that led to the car wreck. The Complaint contains no facts that could plausibly lead one to believe that the Defendants were aware of prior claims of unconstitutional conduct or that they deliberately ignored a history of abuse by the officers involved, or by any other officers in the Memphis Police Department. See Birgs, 686 F.Supp.2d at 780; see also Brent, 901 F.3d at 698; Bickerstaff, 830 F.3d at 402; D'Ambrosio v. Marino, 747 F.3d 378, 387 (6th Cir. 2014). Moreover, it does not allude to any past similar incidents. Compare Epperson, 140 F.Supp.3d at 686 and Birgs, 686 F.Supp.2d at 780 with Stewart, 2017 WL 627467, at *7 (denying Rule 12(b)(6) motion where complaint identified a specific policy or custom, and contained specific instances of past violations, beyond the instance complained of); see also Osberry v. Slusher, No. 17-4242, 2018 WL 4360979, at *10 (6th Cir. Sept. 13, 2018) (finding detailed allegations of six cases over a five-year period where officers allegedly employed unlawful tactics enough to state claim); Guba v. Huron County, 600 F. App'x 374, 385 (6th Cir. 2015) (finding allegations of six years of repeated failure to comply with court order sufficient to raise the likelihood that the county's inadequate training of the support agencies' employees caused the violation of plaintiffs' constitutional rights); Green v. Metro. Gov't of Nashville & Davidson

7

Cnty., 482 F. App'x 63, 66 (6th Cir. 2012) (finding complaint stated plausible claim where it alleged specific conversations between attorney and municipal employees identifying alleged defective custom and policies). In addition, there is no indication of a "recurring situation presenting an obvious potential for such a violation" beyond the Plaintiffs' own alleged injuries. See Epperson, 140 F.Supp.3d at 686. In fact, Plaintiffs essentially acknowledge that their Complaint is premised on a single occurrence when they allege that the "need for additional or different training was necessary and obvious *considering the circumstances of this incident*." (Am. Compl. ¶ 80)(emphasis added). The Plaintiffs' Complaint thus lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" under § 1983. See Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Iqbal, 556 U.S. at 678). Therefore, the Defendants' motion should be granted on this ground, and any § 1983 claims alleged against them should be dismissed.

    C.    <u>Plaintiffs' State Law Claim(s) Cannot Be Maintained in a § 1983 Action</u>

Tennessee—including its governmental subdivisions—are sovereignly immune at common law. See Lucius v. City of Memphis, 925 S.W.2d 522, 525 (Tenn. 1996)(immunity in place except upon waiver); Cruse v. City of Columbia, 922 S.W.2d 492, 495 (Tenn. 1996)(tracing sovereign immunity to "feudal England"). That common law principle is enshrined in the Tennessee constitution. See Tenn. Const. art. I, § 17 (providing that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct."). In 1973, while reaffirming the broad application of sovereign immunity, the General Assembly removed the shield of immunity for a few select, defined bases. See Tenn. Code Ann. § 29–20–201 to 205 (immunity removed for, inter alia, negligent operation of a motor vehicle and dangerous or unsafe roadways or sidewalks); Young v. City of LaFollette, 479 S.W.3d 785, 790 (Tenn. 2015)

(summarizing same). Because the GTLA's waiver of sovereign immunity is clearly in derogation to common law, it must be strictly construed and applied by the courts. Limbaugh v. Coffee Med. Ctr., 59 S.W.3d 73, 83 (Tenn. 2001).

Though the GTLA removes immunity in certain specific instances, it also specifically exempted certain conduct or causes of action from the abrogation of immunity, including: "False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or *civil rights*. . . ." Tenn. Code Ann. § 29-20-205 (subsections shortened)(emphasis added). Section 205's list of exemptions has been refined, extensively litigated, and well-developed since 1973.

Thus, the City of Memphis is immune from suit on civil rights claims. It is well settled that the term "civil rights," as used in the GTLA, means those rights arising under the United States constitution. Johnson v. City of Memphis, 617 F.3d 864, 872 (6th Cir. 2010); Campbell v. Anderson Cnty., 695 F. Supp. 2d 764, 778 (E.D. Tenn. 2010). The district courts of the Western District of Tennessee concur and have dismissed GTLA claims on this same basis many times before. See Tinkle v. Dyer Cnty., Tennessee, No. 18-01124-STA-EGB, 2018 WL 6840155, at *2 (W.D. Tenn. Dec. 31, 2018)(Chief Judge Anderson dismissing GTLA claims which were just § 1983 claims repackaged as claims of negligence); Hargrow v. Shelby Cnty., Tenn., No. 13-2770, 2014 WL 3891811, at *5 (W.D. Tenn. Aug. 7, 2014)(Judge Mays rejecting the plaintiff's argument that she had made alternative claims sounding in civil rights and negligence and, thus, the GTLA did not bar her state law claims because she had stated "no facts in the Complaint for tort violations other than those underlying her § 1983 claims"); Murphy v. Shelby Cnty., Tenn., No. 2:13-CV-02355-JPM, 2013 WL 3972652, at *4-5 (W.D. Tenn. July 31, 2013)(Judge McCalla dismissing

state law claims brought concomitantly in § 1983 action on the basis that Shelby County is sovereignly immune); Rowland v. City of Memphis, Tenn., No. 2:13-CV-02040-JPM, 2013 WL 2147457, at *9 (W.D. Tenn. May 15, 2013)(same)[1]; see also Partee v. City of Memphis, Tenn., 449 F. App'x 444, 448 (6th Cir. 2011)(dismissing state law claims as sovereign immunity for the City of Memphis was not removed where facts giving rise to state law claims were the same as those underlying civil rights claims).[2]

In Sanders v. City of Memphis, Tennessee, a plaintiff sued the City of Memphis (really, MPD), as well as several officers, under § 1983 for purported violations of his Fourth Amendment rights regarding his 2021 arrest after riding his ATV down a public street. No. 221CV02585MSNCGC, 2022 WL 4665867, at *1 (W.D. Tenn. Sept. 30, 2022). The City moved to dismiss the plaintiff's state law claims as they were merely civil rights claims repackaged – and the Court granted the motion. See id. at *9.

All of Plaintiffs claims against the Defendant City of Memphis as an employer are in essence claims for violation of Plaintiffs' constitutional rights. Plaintiffs' GTLA claim for negligence arises from the same incident giving rise to her civil rights claim under § 1983. Therefore, they fall under the civil rights exception in Tenn. Code Ann. § 29-20-205 and the City retains its immunity. See Johnson, 617 F.3d at 872. Plaintiffs' GTLA claims should be dismissed.

---

[1] Judge McCalla reached the same conclusion again in Gomez v. City of Memphis, Tennessee, No. 219CV02412JPMTMP, 2021 WL 1647923, at *18 (W.D. Tenn. Apr. 27, 2021).
[2] Savage v. City of Memphis, 620 F. App'x 425, 429–30 (6th Cir. 2015) ("[The] alleged negligence arises out of the same circumstances giving rise to Plaintiffs' civil-rights claim. The district court thus correctly concluded that the City retains its immunity from Plaintiffs' negligence claims.").

### III. Conclusion

Plaintiffs' Amended Complaint fails to satisfy the minimum pleading standards of both the United States Supreme Court and the Sixth Circuit Court of Appeals and should, therefore, be dismissed.

Respectfully submitted,

**Tannera G. Gibson**
**Chief Legal Officer/City Attorney**

<u>s/Frank B. Thacher, III</u>
Frank B. Thacher, III (TN #23925)
Senior Assistant City Attorney
125 N. Main St., Room 336
Memphis, Tennessee 38103
(901) 636-7408
Frank.Thacher@memphistn.gov

# CERTIFICATE OF SERVICE

     I, Frank B. Thacher, III, hereby certify that a copy of the foregoing has been mailed, via US mail, postage prepaid, to the following parties on this the 29th day of August 2025:

     Henry W. Miller, Esq.
     Michael W. Miller, Esq.
     Henry W. Miller, IV, Esq.
     Miller Law Firm
     2400 Poplar Avenue, Suite 418
     Memphis, Tennessee 38112

     Matthew W. Pryor, Esq.
     James S. Sullivan, Esq.
     Alexander Shunnarah Injury Lawyers
     2000 Meridian Boulevard, Suite 225
     Franklin, Tennessee 37067

     Marterrion Briscoe
     3196 Southbridge St.
     Memphis, Tennessee 38118

     Xavier Hunt
     4455 Laird Dr.
     Memphis, Tennessee 38141

                                                              s/Frank B. Thacher, III