# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SYMARA A.C. YOUNG | * | |
| Plaintiff | * | |
| | * | |
| | * | |
| *Versus* | * | DOCKET NO: 2:25-cv-02799 |
| | * | |
| CITY OF MEMPHIS | * | |
| AND MARTERRION BRISCOE | * | |
| Defendants | * | |

## COMPREHENSIVE AMENDED COMPLAINT

NOW COMES, Plaintiff, Symara A.C. Young, appearing herein through her undersigned counsel, who files this Comprehensive Amended Complaint, and respectfully represents:

## I.    PRELIMNARY STATEMENT

1. This matter was commenced in the Circuit Court for the Thirtieth Judicial District, Memphis, Shelby County, Tennessee May 8, 2024.

2. The original lawsuit concerned claims against the City of Memphis, Tennessee pursuant to Tenn. Code Ann. Sec. 29-20-201 *et seq.* commonly known as the Government Tort Liability Act, and general tort claims against Defendant Materrion Briscoe

3. Throughout the course of discovery, Plaintiff, Symara A.C. Young, through her undersigned counsel, developed a good faith basis to assert a claim for violation of 42 USC 1983, and several amendments to the United States Constitution.

4. Discovery revealed claims against two new Defendants, Defendant Officers Williams and Malone, because they had both engaged in similar unconstitutional conduct on multiple occasions prior to the events leading to this lawsuit, and  Defendant City of Memphis,

and its police force has knowledge of similar violations by Defendant Officers Williams
and Malone and ignored the history of abuse.

5.  On July 3, 2025, Plaintiff Symara A.C. Young filed a Motion for Leave to file an
Amended Complaint, alleging the violations of federal statutory and Constitutional law,
which motion was granted on July 10, 2025.

6.  On August 8, 2025, Defendant City of Memphis, removed this matter to this Honorable
Court, citing the Court's jurisdiction pursuant to 28 USC 1331.

7.  On August 29, 2025, Defendant City of Memphis filed a Motion to Dismiss pursuant to
Rule 12(b)(6) of the Federal Rules of Civil Procedure.

8.  Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff Symara
A.C. Young is entitled to file this Comprehensive Amended Complaint without leave of
court, and without consent of Defendant.

## II.    INTRODUCTION

9.  The defendants in this litigation are the City of Memphis, Tennessee (hereinafter referred
"Defendant City"), Memphis Police Department, Ontarian Malone and Marquavius Williams
(hereinafter collectively referred to as "Defendant Officers Malone and Williams").  Plaintiff,
Symara A.C. Young brings this cause of action for federal constitutional violations and state
law personal and tortious injuries suffered by Plaintiff, Symara A.C. Young because of
Defendants' intentional, callous, unreasonable and unlawful pursuit while acting under
color of state law.  Plaintiff, Symara Young brings this action for compensatory
damages under 42 U.S.C. §1983, because Defendants jointly and/or severally deprived
Plaintiff, Symara Young of her federally protected civil liberties and privileges to be free
from unreasonable excessive force, and to be free from arrest without just cause pursuant

to the Fourth and Fourteenth Amendments to the United States Constitution as well as derivative claims and damages

10. As a direct consequence of the policies, practices, and procedures of the Defendant City and Defendant Memphis Police Department, Plaintiff, Symara A.C. Young was intentionally deprived of her constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Officers Malone and Williams, and by ratification and condoning, Defendant Officers Malone and Williams, acting within the course and scope of their employment with the Defendant City and Defendant Memphis Police Department, and acting under color of state law, unjustifiably used excessive and unreasonable force in pursuing the vehicle in which Plaintiff, Symara A.C. Young was a passenger, without probable cause and under circumstances where no reasonable law enforcement would have done so. Under well-established law concerning the above violations, Defendant Officers Malone and Williams, are not entitled to qualified or other immunity for these actions.

11. Venue is proper because Defendant City is deemed to be chartered and incorporated in any judicial district in which it is subject to the Court's personal jurisdiction with respect to the civil action in question; Defendant Officers Malone and Williams, are employees of Defendant City and Defendant Memphis Police Department and acted in their official capacity or under color of legal authority, and all events, actions, and injuries giving rise to this claim occurred within the Shelby Count, Tennessee.

12. All applicable limitations on actions have been extended pursuant to the "Discovery Rule" in light of new evidence produced during the discovery phase of litigation.

### III.    PARTIES

13. Plaintiff, Symara A.C. Young re-alleges, re-asserts, and re-avers paragraphs 1 through 12 of this Amended Complaint, and references the same herein, as if copying *in extenso.*

14. Plaintiff, Symara A.C. Young is a resident of the full age of majority and domiciled in Memphis, Shelby County, Tennessee.

15. Defendant, City of Memphis is an incorporated municipality located in Shelby County, State of Tennessee, which may be served through its duly elected mayor, Paul Young 125 N. MAIN STREET, MEMPHIS, TENNESSEE and/or its chief legal officer, Tannera Gibson, 125 N. MAIN STREET MEMPHIS, TENNESSEE.

16. Defendant, Memphis Police Department, is the municipal police department for the City of Memphis, which has waived its sovereign immunity pursuant to Tenn. Code Ann. Sec 29-20-202, and which can be served through its Chief, Cerelyn "C.J." Davis, 170 NORTH MAIN STREET, MEMPHIS, TENNESSEE 38103.

17. Defendant, Ontarian Malone, upon information and belief, is a resident of the full age of majority and domiciled in Memphis, Shelby County, Tennessee, who may be served with process 4928 WOODBURY COVE, MEMPHIS, TENNESSEE 38114.

18. Defendant, Marquavius Williams, upon information and belief, a resident of the full age of majority and domiciled in Memphis, Shelby County, Tennessee, who may be served with process at 6375 ARBOR CREEL TRAIL,  #102, MEMPHIS, TENNESSEE 38115.

19. Defendant, Marterrion Brisco, is a resident of the full age of majority and domiciled in Memphis, Shelby County, Tennessee, who may be served with process at 3196 SOUTHBRIDGE STREET, MEMPHIS, TENNESSEE 38118.

20. Defendant City of Memphis is a municipality, duly incorporated under the laws of the State of Tennessee and, as such, is a political subdivision of the State of Tennessee. Amongst its many functions, the Defendant City operates and maintains a law enforcement agency known as the Memphis Police Department (hereinafter Defendant Memphis Police Department). Defendant City is under a duty to operate its police activities in a lawful manner to preserve the peace and dignity of the Defendant City and the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the United States of America and State of Tennessee.

21. All law enforcement officers were employed in the City of Memphis, Shelby County, Tennessee at all times relevant to the events in question. The acts and omissions complained of herein arise from the conduct of Defendant Officers Malone and Williams, while they were acting under color of state law, and each act and omission was committed pursuant to Defendant Officers Malone and Williams' employment and authority as police officers with Defendant City and Defendant Memphis Police Department. Defendant Officers Malone and Williams are sued in their official and individual capacities.

22. This cause arises from an automobile accident that occurred on or about May 6, 2023, in Memphis, Shelby County, Tennessee, resulting from a high-speed chase engaged by the Defendant Officers Malone and Williams while employed with an acting within the course and scope of their employment of Defendant City and Defendant, Memphis Police Department, of a vehicle operated by Defendant, Marterrion Brisco, in which Plaintiff, Symara A.C. Young was a passenger, resulting in severe injuries to Symara A.C. Young.

23. Pursuant to the above, and in accordance with Tenn. Code Ann. Sec 29-20-307,

jurisdiction and venue are proper in this Honorable Court.

## IV.   FACTS

24. Plaintiff, Symara A.C. Young re-alleges, re-asserts, and re-avers paragraphs 1 through 23

of this Amended Complaint, and references the same herein, as if copying *in extenso.*

25. On or about May 6, 2023, at approximately 2:53 a.m. Plaintiff, Symara A.C. Young, was

a guest passenger in a 2013 Infiniti G37 owned by Xavier Hunt and being operated with

his permission by Defendant Marterrion Brisco.

26. Plaintiff, Symara A.C. Young was one of four passengers in the 2013 Infiniti G37, in

addition to the driver, Defendant Marterrion Brisco.

27. At all times herein, Defendant Marterrion Brisco, was operating the 2013 Infiniti G37

eastbound on Park Avenue in Memphis, Shelby County, Tennessee.

28. At the same time, Defendant Officers Malone and Williams two sworn police officers

employed by Defendant City and Defendant Memphis Police Department and operating

a marked police unit owned by the Defendant City Defendant Memphis Police

Department, engaged in a high-speed pursuit of the 2013 Infiniti G37 operated

Defendant Marterrion Brisco.

29. At the time the high-speed pursuit began, both Defendant Officers Malone and Williams

had no evidence to believe that the 2013 Infiniti G37 had been involved in a crime, nor

had it been driven in violation of any traffic laws.  Additionally, there was no evidence

to indicate that the driver or passengers in the 2013 Infiniti G37 were fleeing felons.

30. Upon information and belief, Defendant Officers Malone and Williams, the two sworn
    police officers referenced above, as part of the high-speed pursuit, struck from behind
    the 2013 Infiniti G37 operated by Defendant Marterrion Brisco.

31. The impact between the marked police unit owned by Defendant City and Defendant
    Memphis Police Department, and being operated by Defendant Officers Malone and
    Williams, two sworn police officers of Defendant City and Defendant Memphis Police
    Department, caused Defendant Marterrion Brisco, to lose control of the 2013 Infiniti
    G37, cross the centerline of Park Avenue, strike a vehicle traveling westbound on Park
    Avenue, and then exit Park Avenue to the north, striking a chain link fence, a metal
    awning, and a brick building, and then catching on fire.

32. At all times herein, Defendant Officers Malone and Williams, two sworn police officers
    of Defendant City and Defendant Memphis Police Department, began and engaged in
    this high-speed chase while operating the marked police unit owned by Defendant City
    and Defendant Memphis Police Department without the head lights or any other safety
    lights, without the emergency roof mounted lights, and without the use of the installed
    dash cam, body cam or other identifying equipment.

33. During the collision, Plaintiff Symara A.C. Young was ejected through the sunroof of the
    2013 Infiniti G37.

34. At all times herein, Defendant Officers Malone and Williams the sworn police officers
    of the Defendant City and Defendant Memphis Police Department, referenced above,
    were working in the course and scope of their employment with Defendant City and
    Defendant Memphis Police Department.

35. *Plaintiff, Symara A.C. Young respectfully shows that prior to the events described above, Defendant Officers Malone and Williams had engaged in similar pursuits which were known to Defendant City and Defendant Memphis Police Department, which pursuits are specifically based on the following:*

    a. *On May 16, 2023, Defendant Officer Williams admitted that he had engaged in "black out" pursuits (pursuits at night where headlights and emergency lights are not illuminated) on a few occasions, prior to the events of May 6, 2023.*

    b. *On December 20, 2022, Defendant Officer Williams engaged in a pursuit that did not involve a "fleeing felon". Defendant Officer Willaims engaged in this pursuit maintaining a speed of 76 miles per hour to 132 miles per hour, traveling through parking lots, against the normal flow of traffic and on the shoulder of an interstate highway. The pursuit was engaged without illuminating emergency or normal car lighting, and without notifying and getting approval from a supervisor. Defendant Officer Williams also failed to engage his dash cam, body cam, or any other identifying equipment.*

    c. *Defendant Officer Williams was previously cited for knowingly violated stated policies and regulations of Defendant City and Defendant Memphis Police Department regarding the personal use of police unit while off duty.*

    d. *Defendant Officer Williams was cited on two previous occasions for failure to maintain proper control of his marked police unit, once while in emergency mode, and once while not in emergency mode. On each*

occasion, Defendant Officer Malone claimed that the vehicle had faulty brakes.

e. On February 9, 2023, Defendant Officer Malone engaged in high-speed pursuit of a suspicious vehicle, without activating emergency lights and sirens and without notification to his supervisor at Defendant Memphis Police Department, and without engaging his dash cam, body cam or any other identifying equipment.

f. On December 20, 2022, Defendant Officer Malone engaged in a high speed pursuit of a vehicle that did not involve a "violent fleeing felon" without activating emergency lights and sirens and driving in excess of 100 miles per hour over streets with speed limits ranging between 35 miles per hour and 65 miles per hour. Defendant Officer Malone failed to activate his dash cam, body cam or any other identifying equipment, and failed to get supervisory approval. Upon information and belief, this was the same pursuit in which Defendant Officer Williams was engaged on December 20, 2022.

g. On April 27, 2023, Defendant Officer Malone was operating his vehicle in emergency mode, and disregarded a stop sign, crashing into another mark police unit.

36. Plaintiff Symara A.C. Young respectfully shows that all of the acts set forth above were known to Defendant City and Defendant Memphis Police Department prior to May 6, 2023.

37. *Plaintiff Symara A.C. Young further shows that the high-speed pursuits of February 9, 2023 (in which Defendant Officer Malone engaged) and December 20, 2022 (in which both Defendant Officers Williams and Malone engaged) bear striking resemblance to the pursuit set forth above, because all chases involved non-fleeing felons, were preformed at excessive rates of speed, without engaging emergency or any other vehicle lighting system, without activating the dash cam, their body cams, or any other identifying equipment, and without supervisor approval, all in violation of the polices and procedures of Defendant City and Defendant Memphis Police Department.*

38. *Plaintiff Symara A.C. Young further shows that neither Defendant City and Defendant Memphis Police Department took any remedial or disciplinary measures regarding the high-speed pursuits of February 9, 2023 (in which Defendant Officer Malone engaged) and December 20, 2022 (in which both Defendant Officers Williams and Malone engaged), allowing permitting such high-speed pursuits to continue.*

39. *Plaintiff Symara A.C. Young further shows that with the knowledge that both Defendant Officers Williams and Malone had a propensity to engage in high-speed pursuits, in "black-out" mode, without engaging emergency or any other vehicular lights, without supervisory approval, and without activating the dash cam, body cams or any other identifying equipment, Defendant City and Defendant Memphis Police Department, partnered Defendant Officers Williams and Malone on the evening of May 5, 2023/early morning of May 6, 2023.*

40. *Plaintiff Symara A.C. Young further shows Defendant City and Defendant Memphis Police Department's vehicles were equipped with In Car Video (ICV) and officers are*

*required to wear Body Worn Cameras (BWC), which were to record all law*

*enforcement activities.*

41. *As a direct and proximate result of the actions of Defendant City and Defendant*

*Memphis Police Department, and Defendant Officers Williams and Malone, Plaintiff*

*Symara A.C. Young shows that a high-speed "black-out" pursuit occurred which was*

*a direct and prximate cause of the accident set forth above.*

42. Plaintiff, Symara A.C. Young, sustained serious injuries, including harms of both an

economic and non-economic type.

## V.    VICARIOUS LIABILITY

43. Plaintiff, Symara A.C. Young re-alleges, re-asserts, and re-avers paragraphs 1 through 42

this Amended Complaint, and references the same herein, as if copying *in extenso.*

44. Plaintiff, Symara A.C. Young charges and alleges that the Defendant City and Defendant

Memphis Police Department was the registered owner of the vehicle that was negligently

and recklessly operated by the two sworn police officers, Defendant Officers Malone and

Williams, of Defendant City and Defendant Memphis Police Department on or about

May 6, 2023, and that Defendants City and Defendant Memphis Police Department are

vicariously liable for the negligent acts and/or omissions of the two sworn police officers

of the Defendant City and Defendant Memphis Police Department, pursuant to the

doctrines of negligent entrustment, permissive user, master/servant, agency, and/or family

purpose.  Plaintiff, Symara A.C. Young further relies upon §55-10-311 and § 55-10-312

of the Tennessee Code Annotated, so that every act of negligence as alleged herein

against the two sworn police officers, Defendant Malone and Williams, is imputed to

Defendant City and Defendant Memphis Police Department, who are liable to Plaintiff,

Symara A.C. Young for the resulting injuries to her.

## VI.  ACTS AND/OR OMISSIONS OF NEGLIGENCE

45. Plaintiff, Symara A.C. Young realleges paragraphs 1 through 44 of this Amended

Complaint and references the same herein, as if copying *in extenso*.

46. Plaintiff, Symara A.C. Young charges and alleges that the Defendant Officers Malone and

Williams, two sworn police officers of Defendant City and Defendant, Memphis Police

Department, were guilty of one, some, or all of the following acts and/or omissions of

common law negligence, to wit:

(a)    Negligently disregarding their duty to operate their marked unit with due regard for the safety of others;

(b)    In operating their vehicle in reckless disregard for the safety of others;

(c)    Negligently failing to maintain a proper lookout ahead;

(d)    Negligently failing to maintain proper control of their vehicle under the existing circumstances;

(e)    Negligently failing to operate their vehicle at a safe speed for the circumstances then and there existing;

(f)    Negligently failing to adequately monitor the flow of traffic;

(g)    In engaging in a high-speed pursuit of the vehicle operated by Defendant, Marterrion Brisco;

(h)    In negligently operating their vehicle knowing there was a high degree of risk of injury to innocent third parties, particularly Plaintiff, Symara A.C. Young a passenger in the vehicle operated by Defendant, Marterrion Brisco;

(i)    In operating their vehicle in pursuit of Defendant, Marterrion Brisco, in an inner-city street, creating a high degree of risk of an accident resulting;

(j)     In operating their vehicle in pursuit of Defendant, Marterrion Brisco, in the presence of other traffic which created a high degree of risk of an accident resulting

(k)     In pursuing Defendant, Marterrion Brisco, ***a person not suspected of having committed a felony or violating a traffic ordinance,*** at a very high rate of speed, exceeding the posted speed limit, with no vehicle lights on, no visual or audible emergency signal, or a combination of emergency devices during a time of darkness, intentionally creating a high risk of injury to others;

(l)     In striking the rear of the 2013 Infiniti G37 vehicle operated by Defendant, Marterrion Brisco;

(m)     Defendants' conduct shocked the conscious of society.

(n)     In failing to stop, furnish information, and render aid to Plaintiff, Symara A.C. Young who was seriously injured;

(o)     In fleeing the scene of the accident;

(p)     In failing to report said accident to the police.

47.  Plaintiff, Symara A.C. Young charges and alleges that Defendant, Marterrion Brisco, was guilty of one, some, or all of the following acts and/or omissions of common law negligence, to wit:

(a)     Negligently failing to maintain a proper lookout ahead;

(b)     Negligently failing to maintain proper control of the vehicle under the existing circumstances;

(c)     Negligently failing to devote full time and attention to the operation of his vehicle;

(d)     Negligently failing to use the degree of care and caution in the operation of his vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

(e)     Negligently failing to operate his vehicle at a safe speed for the circumstances then and there existing;

(f)     Negligently failing to adequately and reasonably monitor the flow of traffic;

(g)     Negligently failing to bring his vehicle under control by applying his brakes in time to avoid an accident;

(h)     Negligently failing to use reasonable care to avoid injury to himself and/or others while operating a vehicle;

(i)     Negligently failing to slow, stop, steer, or otherwise maneuver his vehicle to avoid the accident

(j)     In operating his vehicle at an excessive rate of speed;

(k)     In driving his vehicle in a wanton, reckless, and malicious manner without due regard for the safety of persons or property, in violation of his common law duties.

(l)     In failing to stop, furnish information, and render aid to minor Plaintiffs who were seriously injured;

(m)    In fleeing the scene of the accident;

(n)     In failing to report said accident to the police.

(o)     Defendant's conduct shocked the conscious of society.

48. Plaintiff, Symara A.C. Young charges and alleges that at the time of the collision in question, the following Statutes of the State of Tennessee were in full force and effect and were violated by Defendants Officers Malone and Williams, employees of the Defendant City and Defendant Memphis Police Department constituting negligence per se, to wit:

**Section 39-13-213 – Vehicular homicide, et seq.**

**Section 39-16-402 – Official misconduct, et seq.**

**Section 55-8-103        Required obedience to traffic laws -**

It is unlawful and unless otherwise declared in this chapter and chapter

10, parts 1 - 5 of this title with respect to particular

offenses, it is a Class C misdemeanor, for any person to do any act

forbidden or fail to perform any act required in this chapter and chapter 10

of this title.

**Section 55-8-136        Drivers to exercise due care -**

(b)   Notwithstanding any speed limit or zone in effect at the time, or

right of way rules that may be applicable, every driver of a

motor vehicle shall exercise due care to avoid collision with any other

motor vehicle, either being driven or legally parked, upon any roadway, or

any road sign, guard rail or any fixed object legally placed within or

beside the roadway right of way, by operating such motor vehicle at a safe

speed, by maintaining a safe lookout, by keeping such motor vehicle under

proper control and by devoting full time and attention to operating such

motor vehicle, under the existing circumstances to avoid endanger life,

limb or property.

(c)   A violation of this section is a Class C misdemeanor.

**Section 55-10-101   Accidents involving death or personal injury -**

(a)  The driver of any vehicle involved in an accident resulting in

injury to or death of any person shall immediately stop the vehicle

at the scene of the accident or as close to the scene as possible,

but shall then return to and in every event shall remain at the scene

of the accident until the driver has fulfilled the requirements of §55-10-103.

(b) (1) A violation of subsection (a) is a Class A misdemeanor.

(2) (A) It is a Class E felony for any person to fail to stop or to comply with the requirements of subsection (a) when the person knew or should reasonably have known that death resulted from the accident.

(B) If, as a result of the same course of conduct, a person who is charged with a violation of subdivision (b)(2)(A) is also charged with the offense of vehicular assault under §39-13-106, vehicular homicide under §39-13-218, any sentence imposed for a violation of subdivision (b)(2)(A) shall be served consecutive to any sentence imposed for the applicable assault or homicide offense.

(c)  The commissioner shall evoke the license or permit to drive and any nonresident operating privilege of the person convicted of a violation of this section.

(d)  As used in this part, "accident" includes any collision or crash, regardless of the degree of care exercised by the drivers involved or whether it was the result of criminal conduct.

**Section 55-10-103  Duty to give information and render aid. -**

(a)      The driver of any vehicle involved in an accident, resulting in injury to or death of any person or damage to any vehicle that is driven or attended by any person shall give the driver's name, address and the registration number of the vehicle the driver is

driving, and shall, upon request and if available, exhibit that driver's
operator's or chauffeur's license, or driver license, to the person struck or
the driver or occupant of or person attending any vehicle collided with,
and shall render to any person injured in the accident reasonable
assistance, including the carrying, or the making of
arrangements for the carrying, of the person to a physician,
surgeon or hospital for medical or surgical treatment if it is apparent that
treatment is necessary or if carrying is requested by the injured person.

## Section 55-10-106   Immediate notice of accident.

(a)    The driver of a vehicle involved in an accident resulting in
injury to or death of any person or property damage to an apparent extent
of fifty dollars ($50.00) or more shall immediately, by the quickest means
of communication, give notice of the accident to the local police
department if the accident occurs within a *municipality, otherwise to the
office of the county sheriff or the* nearest office of the state highway patrol.

## Section 55-8-108 et seq.  Authorized emergency vehicles.

(a)  The driver of an authorized emergency vehicle, when responding to an
emergency call or when in the pursuit of an actual or suspected violator
of the law, or when responding to but not upon returning from a fire
alarm, may exercise the privileges set forth in this section, but subject
to the conditions stated in this section.

(b)  (1)  A driver of an authorized emergency vehicle operating the vehicle
in accordance with this subsection (a) may:

(A) Park or stand, notwithstanding, other provisions of this chapter that regulate parking or standing;

(B) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;

(C) Exceed the seed limits so long as life or property is not thereby endangered; and

(D) Disregard regulations governing direction of movement or turning in specified directions.

(2)  Subdivision (b)(1) shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall subdivision (b)(1) protect the driver from the consequences of the driver's own reckless disregard for the safety of others.

(c) (1) The exemptions granted under subsection (b) to a driver of an authorized emergency vehicle shall only apply when the vehicle is making use of audible and visual signals meeting the requirements of the applicable laws of this state, except that while parked or standing an authorized emergency vehicle shall only be required to make use of visual signals meeting the requirements of the applicable laws of this state.

(2)  Nothing in this section shall be construed to prohibit the driver of an authorized emergency vehicle while parked or standing, from making use of both audible and visual signals meeting the requirements of the applicable laws of this state, in the discretion of the driver.

(d) An authorized emergency vehicle operated as a police vehicle may be equipped with or display a red light only in combination with a blue light visible from in front of the vehicle.

(e) Notwithstanding the requirement of this section that drivers of authorized emergency vehicles exercise due regard for the safety of all persons, no municipality or county nor the state or any of its political subdivisions, nor their officers or employees, shall be liable for any injury proximately or indirectly caused to an actual suspected violator of a law or ordinance who is fleeing pursuit by law enforcement personnel. The fact that law enforcement personnel pursue an actual or suspected violator of a law or ordinance who flees from pursuit shall not render the law enforcement personnel, or the employers of the law enforcement personnel, liable for injuries to a third party proximately caused by the fleeing party unless the conduct of the law enforcement personnel was negligent and that negligence was a proximate cause of the injuries to the third party.

**Section 55-10-205      Reckless driving.**

(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

49. Plaintiff, Symara A.C. Young charges and alleges that at the time of the collision in question, the following Statutes of the State of Tennessee were in full force and effect and were violated by Defendant, Marterrion Brisco, constituting negligence per se, to wit:

**Section 55-8-103        Required obedience to traffic laws -**

It is unlawful and unless otherwise declared in this chapter and chapter

10, parts 1 - 5 of this title with respect to particular

offenses, it is a Class C misdemeanor, for any person to do any act

forbidden or fail to perform any act required in this chapter and chapter 10

of this title.

**Section 55-8-136        Drivers to exercise due care -**

(b)   Notwithstanding any speed limit or zone in effect at the time, or

right-of-way rules that may be applicable, every driver of a

motor vehicle shall exercise due care to avoid collision with any other

motor vehicle, either being driven or legally parked, upon any roadway, or

any road sign, guard rail or any fixed object legally placed within or

beside the roadway right of way, by operating such motor vehicle at a safe

speed, by maintaining a safe lookout, by keeping such motor vehicle under

proper control and by devoting

full time and attention to operating such motor vehicle, under the existing

circumstances to avoid endangering life, limb or property.

(b) A violation of this section is a Class C misdemeanor.

**Section 55-10-101  Accidents involving death or personal injury -**

(a) The driver of any vehicle involved in an accident resulting in

injury to or death of any person shall immediately stop the vehicle

at the scene of the accident or as close to the scene as possible,

but shall then return to and in every event shall remain at the scene

of the accident until the driver has fulfilled the requirements of §55-10-103.

**Section 55-10-103  Duty to give information and render aid. -**

(a)    The driver of any vehicle involved in an accident, resulting in injury to or death of any person or damage to any vehicle that is driven or attended by any person shall give the driver's name, address and the registration number of the vehicle the driver is driving, and shall, upon request and if available, exhibit that driver's operator's or chauffeur's license, or driver license, to the person struck or the driver or occupant of or person attending any vehicle collided with, and shall render to any person injured in the accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of the person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if carrying is requested by the injured person.

**Section 55-10-106   Immediate notice of accident.**

(a)    The driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of fifty dollars ($50.00) or more shall immediately, by the quickest means of communication, give notice of the accident to the local police department if the accident occurs within a *municipality, otherwise to the office of the county sheriff or the* nearest office of the state highway patrol.

**Section 55-10-205     Reckless driving.**

(a)    Any person who drives any vehicle in willful or wanton disregard for the

safety of persons or property commits reckless driving.

50. Plaintiff, Symara A.C. Young charges and alleges that the Defendant Officers Malone and Williams, two sworn police officers of Defendant City and Defendant, Memphis Police Department, were in violation of certain ordinances of Shelby County, Tennessee which were in full force and effect at the time and place of the accident and applicable as set forth in the Shelby County Tennessee Code of Ordinances, constituting negligence per se, as follows:

**Section 24-116.  Duty to devote full time and attention to operating vehicle.**

It shall be unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

**Section 24-117.  Duty to drive at a safe speed, maintain lookout, and keep vehicle under control;**

Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:

(1)  Operate his vehicle at a safe speed.

(2)  Maintain a safe lookout;

(3)  Use due care to keep his vehicle under control.

**Section 24-136.  General speed restrictions.**

It shall be unlawful for any person to drive a vehicle upon the streets or

highways of the county at a speed greater than that which is posted by the

county or state.

51. Plaintiff, Symara A.C. Young charges and alleges that the Defendant, Marterrion

Brisco, was in violation of certain ordinances of Shelby County, Tennessee which

were in full force and effect at the time and place of the accident and applicable as

set forth in the Shelby County Tennessee Code of Ordinances, constituting

negligence per se, as follows:

**Section 24-115.  State driver's license required; compliance**

**with financial responsibility law required; evidence of**

**compliance.**

(a)    For purposes of this section:

Financial responsibility means:

(1)    Documentation, such as the declaration page of an

insurance policy, an insurance binder, or an insurance card from

an insurance company authorized to do business in the state,

stating that a policy of insurance meeting the requirements for the

state financial responsibility law has been issued;

(b)    No person shall operate any motor vehicle on any street or

highway without having in his possession a driver's license

valid under the laws of the state for the type or class of

vehicle being driven.

(e)    It is a violation of this section to fail to provide evidence of

financial responsibility pursuant to this section.

**Section 24-116.  Duty to devote full time and attention**

**to operating vehicle.**

It shall be unlawful for a driver of a vehicle to fail to devote full

time and attention to operating such vehicle when such failure,

under the then existing circumstances, endangers life, limb or

property.

**Section 24-117.   Duty to drive at a safe speed, maintain**

**lookout, and keep vehicle under control;**

Notwithstanding any speed limit or zone in effect at the time, or

right-of-way rules that may be applicable, every driver shall:

(1)  Operate his vehicle at a safe speed.

(2)  Maintain a safe lookout;

(3)  Use due care to keep his vehicle under control.

**Section 24-136.  General speed restrictions.**

It shall be unlawful for any person to drive a vehicle upon the streets or

highways of the county at a speed greater than that which is posted by the

county or state.

### VII.   CAUSATION

52. Plaintiff, Symara A.C. Young, hereby re-alleges, re-asserts, and re-avers paragraphs 1

through 51 of this Amended Complaint, and references the same herein, as if copying *in*

*extenso*.

53. Each and all of the foregoing common law acts and omissions of negligence, and the negligence per se by Defendant Officers Malone and Williams, two sworn police officers of Defendant City and Defendant Memphis Police Department, and the common law acts of negligence and the negligence *per se* violations by the Defendant Marterrion Brisco, singularly and/or in combination with one another, directly and proximately caused the motor vehicle collision set forth herein, and said acts, omissions, and violations are a direct, actual, and proximate cause of injuries suffered by the Plaintiff, Symara A.C. Young, which persist, and the damages set forth below.

## VIII.   DAMAGES

54. Plaintiff, Symara A.C. Young re-alleges, re-asserts, and re-avers paragraphs 1 through 52 this Amended Complaint, and reference the same herein, as if copying *in extenso*

55. Plaintiff, Symara A.C. Young, avers that as a direct, actual, and proximate result of the common law and statutory acts and omissions of negligence, and recklessness on the part of the Defendant Officers Malone and Williams, two sworn police officers of Defendant City and Defendant Memphis Police Department and Defendant Marterrion Brisco, Plaintiff, Symara A.C. Young, incurred the following, non-exclusive damages:

    a.  Severe and permanent injuries and permanent disability:

    b.  Pain and suffering, past and future.

    c.  Mental anguish, past and future.

    d.  Loss of enjoyment of life, past and future.

    e.  Scarring and disfigurement.

    f.  Miscarriage.

    g.  Physician, medical, and hospital expenses, past and future.

    h.  Loss of wages and earning capacity.

    i.  All other relief to which Plaintiff, Symara A.C. Young is entitled under Tennessee and federal law.

56. The acts of Defendant Officers Malone and Williams, two sworn police officers of Defendant City and Defendant Memphis Police Department, through its officers, agents and/or employees were intentional or exhibited reckless indifference in causing Injuries to Plaintiffs.

57. Defendant City and Defendant Memphis Police Department and its officers, agents and/or employees' actions caused injuries experienced by Plaintiff, Symara A.C. Young on May 6, 2023.

58. That because of and due to the actions of agents and/or employees of Defendant City and Defendant Memphis Police Department, and actions or omissions and the above-named Defendants, Ontarian Malone, Marquavius Williams, and Materrion Brisco, Plaintiff suffered compensatory damages that consists of her legal fees and work losses and earnings capacity, as well as damages in the form of mental anguish, loss of enjoyment of life, humiliation, disfigurement, medical expenses, and damage to her reputation among other non-economic damages.

59. In addition, Defendant Officers Malone and Williams, two sworn police officers of Defendant City and Defendant Memphis Police Department are liable for compensatory and exemplary damages arising from their negligence and gross negligence, and Defendant City and Defendant Memphis Police Department are also liable additionally for punitive damages to Plaintiff, Symara A.C. Young.

## IX.  CIVIL RIGHTS CLAIM

60. Plaintiff, Symara A.C. Young re-alleges, re-asserts, and re-avers paragraphs 1 through

59 of this Amended Complaint, and references the same herein, as if copying *in*

*extenso*

61. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any
> statute, ordinance, regulation, custom or
> usage, of any state or territory or the
> District of Columbia, subjects, or causes
> to be subjected, any citizen of the United
> States or any other person within the
> jurisdiction thereof to the deprivation of
> any laws, privileges or immunities
> secured by the Constitution and laws,
> shall be liable to the party injured in an
> action at law, suit in equity, or other
> proper proceeding for redress.

62. Plaintiff, Symara A.C. Young alleges that Defendants, jointly and/or severally,

deprived Plaintiff, Symara A.C. Young of her Fourth Amendment right, and those

rights, privileges, and immunities secured by the Fifth and Eighth Amendments  to  the

Constitution  as  incorporated  and  applied  to  the  states  through  the Fourteenth

Amendment.  Defendants  violated  Plaintiff,  Symara  A.C.  Young's  rights  in  the

following ways:

> A.  By unlawfully pursuing Plaintiff, Symara A.C. Young in
> violation of the Fourth Amendment and its
> reasonableness standard to be free from unreasonable,
> unlawful pursuit, when no probable cause existed to
> make a pursuit;

> B.  By using excessive force and cruel and unusual
> punishment when pursuing Plaintiff, Symara
> A.C. Young, specifically through force;

C.  By Defendants City and Defendant Memphis
Police Department  failing to provide its officers
with supervision and/or proper training to
prevent such incidents of excessive force and
unlawful pursuit, specifically all Defendant
officers named herein, ***when the same
Defendant officers were known to have, and
had engaged in such unconstitutional conduct
previously.***

D.  By Defendants City and Defendant Memphis
Police Department  failing to provide proper
training on the constitutional limits on the use of
force against citizen-detainees, specifically
Defendant Officers Malone and Williams, two
sworn police officers of Defendant City and
Defendant, Memphis Police Department and by
ratification and condoning the actions or
omissions of these officers by failing to ***take any
punitive, remedial action following previous
unconstitutional pursuits, and failing to*** intervene,
failing to provide appropriate medical care to
Plaintiff when she was clearly in need of
evaluation, treatment and stabilization.

E.  By Defendant City's and Defendant Memphis Police
Department's failure to provide proper training of
the dangers associated with unlawful pursuit of
persons, causing unnecessary, unreasonable and
permanent injury ***knowing that the same
Defendant officers had engaged in multiple
unconstitutional pursuits***.

F.  By Defendant City's and Defendant Memphis Police
Department's failure to train or supervise its
officers on the obligation to summon medical
care for citizen-detainees experiencing medical
conditions, despite medical care being a very
short distance away from the above-described
encounter with Plaintiffs and despite being fully
aware that Plaintiffs were exhibiting clear signs
of injury after such force was used.

63. Defendants' violations of Plaintiff, Symara A.C. Young's constitutional rights resulted in her suffering and were a direct cause of their injuries.

### A.  CLAIM ONE:  42 U.S.C. § 1983 – PEACE/OFFICER DEPUTY LIABILITY

64. Plaintiff, Symara A.C. Young re-alleges, re-asserts, and re-avers paragraphs 1 through 63 of this Amended Complaint, and references the same herein, as if copying *in extenso*

65. Plaintiff, Symara A.C. Young brings this claim against Defendant Officers Malone and Williams, two sworn police officers of Defendant City and Defendant Memphis Police Department individually as well as their official capacity, pursuant to U.S.C. § 1983 and for punitive damages.

66. At all material times, Defendant Officers Malone and Williams, two sworn police officers of Defendant City and Defendant Memphis Police Department, were acting under color of state law as agents and employees of Defendant City and Defendant Memphis Police Department.  Both Defendant Officers Malone and Williams were always acting within the course and scope of their duties as officers of the Defendant City and Defendant Memphis Police Department relevant during this cause of action.

67. Plaintiff, Symara A.C. Young demonstrated how Defendant Officers Malone and Williams, two sworn police officers of Defendant City and Defendant Memphis Police Department violated her federal constitutional rights and civil liberties guaranteed by the Fourth and Fourteenth Amendments by unlawfully and unconstitutionally pursuing them.

68. ***Plaintiff, Symara A.C. Young demonstrated how Defendant Officers Malone and Williams, two sworn police officers of Defendant City and Defendant Memphis Police Department had a history of violating the federal constitutional rights and***

*civil liberties guaranteed by the Fourth and Fourteenth Amendments by unlawfully*

*and unconstitutionally pursuing many citizens of Memphis, Shelby County,*

*Tennessee, engaging in similar illegal and unconstitutional pursuits prior to May 6,*

*2023.*

69. Defendant Officers Malone and Williams, two sworn police officers of Defendant
City and Defendant, Memphis Police Department unlawfully acted under the color of
state law to deprive Plaintiff, Symara A.C. Young of her Fourth Amendment right to
be free from unlawful pursuit without a warrant, without reasonable suspicion of a
criminal act, and without probable cause to believe a crime had occurred or was about
to occur and by exerting or allowing excessive force against them as well as failing to
render aid to Plaintiff, Symara A.C. Young.

70. *Defendant Officers Malone and Williams, two sworn police officers of Defendant*
*City and Defendant, Memphis Police Department had a history of unlawfully*
*acting under the color of state law to deprive other citizens of Memphis, Shelby*
*County, Tennessee of their Fourth Amendment right to be free from unlawful*
*pursuit without a warrant, without reasonable suspicion of a criminal act, and*
*without probable cause to believe a crime had occurred or was about to occur and*
*by exerting or allowing excessive force against them.*

71. Defendant Officers Malone and Williams, two sworn police officers of Defendant
City and Defendant Memphis Police Department used and abused their badge and
authority bestowed by Defendant City and the marked police unit owned by
Defendant City and Defendant Memphis Police Department to interfere with Plaintiff,
Symara A.C. Young's liberty without reasonable and just cause in violation of the

Fourth Amendment and violated Plaintiff, Symara A.C. Young's constitutional rights as protected by the Fourth, Fifth, Eighth and Fourteenth Amendments.

72. Defendant Officers Malone and Williams, two sworn police officers of Defendant City and Defendant, Memphis Police Department lacked probable cause to pursue Plaintiff, Symara A.C. Young based on the surrounding circumstances of their actions.

73. At the time of the incident, there were no outstanding warrants for Plaintiff, Symara A.C. Young.

74. Plaintiff, Symara A.C. Young did not make any verbal or gesture that would subjectively or objectively give the marked police unit owned by Defendant City and Defendant, Memphis Police Department reason to believe Plaintiff, Symara A.C. Young needed to be arrested.

75. As a direct and proximate cause of this unlawful pursuit Plaintiff, Symara A.C. Young suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

## Excessive Force

76. Plaintiff, Symara A.C. Young realleges paragraphs 1 through 75 of this First Amended Complaint and references the same herein by reference *in extenso.*

77. Plaintiff, Symara A.C. Young brings this claim against Defendant Officers Malone and Williams, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

78. At all material times, Defendant Officers Malone and Williams were acting under color of state law as an agent and employee of Defendant City and Defendant Memphis Police Department. Defendant Officers Malone and Williams wore their official Defendant

Memphis Police Department uniform and were acting within the course and scope of their duties as City of Memphis officers at all times relevant to this cause of action.

79. Plaintiff, Symara A.C. Young asserts Defendant Officers Malone and Williams violated their federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force.

80. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable considering the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that Defendant Officers Malone and Williams' act of pursuing Plaintiff, Symara A.C. Young was excessive and unreasonable under these circumstances and their failure to intervene and/or attend to their injuries and provide necessary medical care was equally troubling and unlawful.

81. Plaintiff, Symara A.C. Young did not commit a criminal act in Defendant Officers Malone and Williams' presence therefore no facts or circumstances existed to support or warrant an unlawful pursuit of them.

82. Plaintiff, Symara A.C. Young never made a violent movement towards Defendant Officers Malone and Williams, or any other person involved that could be objectively or subjectively interpreted as an immediate threat to the safety of the officers or others.

83. Defendant Officers Malone and Williams' actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

84. Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Officers Malone and Williams violated Plaintiff, Symara A.C. Young's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

85. As a direct and proximate cause of Defendant Officers Malone and Williams' excessive force and any other Defendant's failure to intervene and/or supervise, Plaintiff, Symara A.C. Young suffered federal civil liberty violations, public humiliation, permanent physical injury, medical expenses, lost wages and earning capacity, mental and emotional distress as well as disfigurement.

## B.  CLAIM TWO:  42 U.S.C. § 1983 – MUNICIPAL LIABILITY

86. Plaintiff, Symara A.C. Young re-alleges, re-asserts, and re-avers paragraphs 1 through 85 of this Amended Complaint, and references the same herein, as if copying *in extenso*

87. Plaintiff Symara A.C. Young brings this claim against Defendant City.

88. Plaintiff, Symara A.C. Young asserts that her constitutional rights were violated when Defendant Officers Malone and Williams unlawfully pursued Plaintiff, Symara A.C. Young, using excessive force in pursuing Plaintiff, Symara A.C. Young at a very high rate of speed, exceeding the posted speed limit, violating their constitutional rights.

89. Plaintiff, Symara A.C. Young asserts that her constitutional rights were violated when Defendant Officers Malone and Williams, one or all of them, failed to intervene or provide, render or solicit necessary medical treatment after the vehicle accident as described herein.

90. Defendant City is also liable under 42 U.S.C. § 1983 for failing to supervise and train
its officers insofar as it failed to provide training and supervision for a known and
foreseeable occurrence of initiating and engaging in high-speed vehicle pursuits. In
addition, the Defendant City's willful blindness, including but not limited to by
supervisory employees, towards the constitutional violations of its employees,
constitutes gross negligence and/or deliberate and conscious indifference to citizens'
rights, including the right to be free from constitutional violations under 42 U.S.C. §
1983 and 1988.

91.  Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for
constitutional torts that are committed pursuant to a policy, procedure, practice, or
custom of the municipality. Even if the Defendant City's practice of overlooking
constitutional torts was not authorized by an officially adopted policy, the practice
may be so common and well-settled that it fairly represents  official  policy. *See  Bd.
of County  Comm'rs  of Bryan  County  v.  Brown*,  520 U.S. 397,404 (1997).

92. Defendant City's formal and informal actions reflect a policy, practice, custom and
procedure authorizing and allowing constitutional rights violations.

93. Consequently, Defendant City is liable for harm caused to Plaintiff, Symara A.C.
Young because of its formal and/or informal policies, practices, customs and
procedures.

94. Defendant City is liable for the constitutional torts of officers Malone and Williams
because the Defendant Memphis Police Department sanctioned the following
customs, practices, and policies:

    (A)    Using unreasonable and excessive force to carry out detentions and/or
        arrests;

(B)    Arbitrarily using arrests when they are not necessary or permitted by law;

(C)    Ignoring the serious need for training and supervision of its officers, specifically officers who have exhibited a pattern and practice of violation rules and regulations regarding policies and procedures for initiating and conducting high speed vehicular pursuit that greatly exceeds the posted speed limit.

(D)    Ignoring the pattern and practices of Defendants, Williams and Malone, who have repeatedly in high-speed vehicular pursuits and speed that greatly exceed the posted speed limit, with no vehicle lights on, no visual or audible emergency signals or a combination of emergency devices during a time of darkness, when the individuals being pursued have not committed a crime;

(E)    Failing to adequately supervise and/or observe its officers;

(F)    Failing to adequately train officers regarding the availability of alternative means other than the use of arrests, force, or excessive force without probable cause;

(G)    Failing to discharge officers, specifically officers who have shown a pattern or practice of misbehavior.

(H)    Failing to discharge officers who have shown a pattern or practice of using excessive force;

(I)    Failing to adequately screen officers, specifically officers, who have shown a pattern or practice of using excessive force before hiring said officers;

(J)    Adopting a practice whereby officers who are unfit for peace  officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

95. ***Plaintiff Symara A.C. Young respectfully shows that Defendant City and Defendant Memphis Police Department sanctioning the customs, practices and polices as set forth in the preceding paragraph are demonstrated by the following acts and/or omissions:***

A. *Failure to take any corrective action regarding "black out pursuits" performed by Officer Willaims prior to May 6, 2023;*

B. *Failure to take any corrective action regarding high-speed, "black-out" pursuits of February 9, 2023 (in which Defendant Officer Malone engaged) and December 20, 2022 (in which both Defendant Officers Williams and Malone engaged).*

C. *Failure to take any corrective action regarding high-speed "black-out" pursuits without notification to supervisory authority.*

D. *Failure to any corrective action regarding high-speed "black-out" pursuits where both Defendant Officers Malone and Williams failed to engage dahs cam, body cam, or any other identifying information.*

E. *Failure to ensure Defendant Officer Williams would continually maintain control of police units during emergency and non-emergency modes, following two accidents resulting in significant property damage when Defendant Officer Williams failed to maintain control.*

F. *Failure to ensure Defendant Officer Williams would not knowingly violate written policies and procedures.*

G. *Failure to ensure Defendant Officer Malone would continually maintain control of police units during emergency and non-emergency modes, following one accident resulting in significant property damage when Defendant Officer Malone failed to maintain control.*

96. *The failures set forth above constituted a demonstrate that Defendant City and Defendant Memphis Police Department, inadequately supervised and trained*

*Defendant Officers Malone and Williams following receipt of actual knowledge of their propensity to engage in illegal and unconstitutional high speed pursuits, representing a deliberate indifference to Defendant Officers Malone and Williams engaging in "black out" high speed pursuits, without probable cause that a crime had been committed, without notifying proper supervisory authority, without the use of emergency lights, ICV, BWC, failing to maintain control of police units, the; the exact type of pursuit that lead to the crash set forth herein.*

97. *Plaintiff Symara A.C. Young respectfully shows that the failures set forth above further demonstrate a custom and tolerance by Defendant City and Defendant Memphis Police Department towards the deprivation of federal rights by Defendant Officers Malone and Williams, because Defendant Officers Malone and Williams had a pattern of persistent illegal high-speed, "black-out" pursuits of non-felonies, which was known to Defendant City and Defendant Memphis Police Department, and which was, through the failures set forth above, tacitly, if not, directly approved.*

98. *Plaintiff Symara A.C. Young respectfully shows that the deliberate indifference was a cause in fact and a proximate cause of the injuries sustained herein, because the automobile accident set forth above occurred in whole or in part because of a high-speed "blacked out" pursuit that was engaged without emergency lights, without supervisory authority, without engaging dash cam, body cam or any other identifying equipment all in violation of the policies and procedures of Defendant Memphis Police Department*

99. At the time Defendant Officers Malone and Williams pursued Plaintiff, Symara A.C. Young, they were acting pursuant to Defendant City's policy, practice, custom and procedure of overlooking, ratifying and/or authorizing the officers' excessive use of force and failures to intervene and/or render aid. *See Monell v. New York County Dept. of Social Servs.*, 436 U.S. 658, 659 (1978). Defendants Officers Malone and Williams, ratified, condoned or acquiesced to the actions and omissions by Defendant Officers Malone and Williams.

100.    Thus, Defendant City's failure to supervise and train its officers, and its willful blindness towards the constitutional violations of its employees was a direct cause of Plaintiff, Symara A.C. Young's injuries.

### Failure to Train a Single Police Deputy

101.    Plaintiff, Symara A.C. Young re-alleges, re-asserts, and re-avers paragraphs 1 through 100 of this Amended Complaint, and references the same herein, as if copying *in extenso*.

102.    A City may be held liable for its failure to train a single officer when the policymakers know about the pattern of unconstitutional misconduct and the officers' acts were so egregious that the Defendant City should have had clear warning that the specific officers posed a danger to citizens. *See Pineda v. County of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000).

103.    ***Plaintiff Symara A.C. Young shows Defendant City and Defendant Memphis Police Department knew that Defendant Officers Williams and Malone were known to engage in a pattern of unconstitutional conduct through the numerous incidents in which Defendant Officers Williams and Malone were involved, and in particular***

*to the numerous high-speed "black-out" pursuits promulgated by Defendant*

*Officers Williams and Malone.*

104.    *Plaintiff Symara A.C. Young further shows that because the pattern of*

*unconstitutional conduct, Defendant City and Defendant Memphis Police*

*Department had a clear warning that both Defendant Officers Williams and*

*Malone posed a danger to citizens.*

105.    With respect to Defendant Officers Malone and Williams, the need for additional

or different training was necessary and obvious considering the circumstances of

this incident. Defendant City knew that Defendant Officers Malone and Williams

were likely to engage in other acts of wrongful conduct or grossly negligent or

reckless conduct without proper responses to and engagement with individuals

like Plaintiff, Symara A.C. Young, yet Defendant City continuously failed to

properly discipline, supervise, or train officers, specifically Defendant Officers

Malone and Williams.

106. Defendant City's acts and omissions, when viewed objectively, involved an

extreme degree of risk considering the probability and magnitude of harm to

citizens. Defendant City had actual, subjective awareness of the risks involved

insofar as it was aware of the need for said training and in fact had access to and

resources for said training, but nevertheless preceded with conscious indifference

to the rights, safety, or welfare of others, including Plaintiff, Symara A.C. Young.

107. Thus, considering the substantial risks posed by Defendant Officers Malone and

Williams, Defendant City failure to train one or all of them constitutes gross

negligence and/or deliberate and conscious indifference to the rights, safety, and

welfare of others, including Plaintiff, Symara A.C. Young.

### CLAIM III:   TENNESSEE GOVERNMENTAL TORT LIABILITY

108.    Plaintiff, Symara A.C. Young re-alleges, re-asserts, and re-avers paragraphs 1

through 107 of this Amended Complaint, and references the same herein, as if

copying *in extenso*.

109.    As a municipality operating under the laws of the State of Tennessee under

Tenn Code. Ann. § 29-20-101, Defendant City is liable for actions or omissions of

its employees towards citizens committed or occurring while in the course and

scope of their employment.

110.    Defendant City and Defendant Memphis Police Department and their

employees, specifically but not limited to the law enforcement officers named

herein, Defendant Officers, Malone and Williams, committed serious infractions

which they had a duty to use reasonable care in ensuring would not occur.

111.    Said actions described herein above, alternatively and/or additionally amount

to negligence which but for said negligence, Plaintiff, Symara A.C. Young would

have not suffered the injuries described herein.

112.    Said actions amounted to negligence from which Plaintiff, Symara A.C.

Young suffered damages and injuries.

### X.  ATTORNEY'S FEES

113.    Plaintiff, Symara A.C. Young re-alleges, re-asserts, and re-avers paragraphs 1

through 112 of  this Amended Complaint, and references the same herein, as if

copying *in extenso*.

114.    Plaintiff, Symara A.C. Young is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 42 U.S.C. § 1988. Plaintiff, Symara A.C. Young hereby requests that the Court and jury award their attorney's fees and expenses.

## XI. JURY DEMAND

115.    Plaintiffs respectfully demand a bench trial to hear the claims under the Governmental Tort Liability Act.  Plaintiffs further respectfully demand a jury trial to resolve all remaining claims set forth in this cause of action.

## XII.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Symara A.C. Young, prays as follows:

1.    The Defendants be cited to appear and answer this Amended Complaint.

2.    That after all legal delays and due proceedings had, there be a judgement against the Defendant jointly, severally and *in solido,* for actual damages, exemplary damages, pre-judgment interest, post-judgment interest, court costs, attorney fees and all expenses.

3.    And all other relief to which Plaintiff, Symara A.C. Young, is entitled under the laws of the State of Tennessee, the United States of America, and equity.

4.    Plaintiff, Symara A.C. Young sues the Defendants and prays for a judgment for compensatory damages not to exceed Ten Million and 00/100 ($10,000,000.00) Dollars plus punitive or exemplary damages.

5.    Plaintiff, Symara A.C. Young also prays for trial by jury and the right to amend her Complaint to conform to the evidence as it develops, costs, post-judgment interest, and any and all legal and equitable relief.

Respectfully Submitted:

**ALEXANDER SHUNNARAH
INJURY LAWYERS**


*s./Matthew W. Pryor*
Matthew W. Pryor (La. Bar Roll #23,903)
Licensed in Louisiana, Tennessee
Application Pending – Licensed to
Practice Pursuant to Tenn. Sup. Ct.
R. 7 Sec. 10.07
2000 Meridian Boulevard
Suite 225
Franklin, Tennessee 37067
Telephone (615)514-6710
Email: mpryor@asilpc.com


Affiliated Attorney
*s./ James S. Sullivan*
James S. Sullivan (BPR No. 036332)
2000 Meridian Boulevard Ste. 225
Franklin, Tennessee 37067
Telephone: (615)514-6712
Email: jsullivan@asilpc.com


*Attorneys for plaintiff.*


## CERTIFICATE

I hereby certify that a copy of the above and foregoing was filed with the Court's cm/ecf program this 11th day of September, 2025 and service on all counsel of record was made therewith, and service was made on the following individuals through email or certified mail return receipt requested as set forth below:


Marterrion Brisco
3196 Southbridge Street
Memphis, TN 38118
*Via Certified Mail*

Marquavius Williams
7512 Burnstown Lane
Memphis, Tn 38133
*Via Certified Mail*

Ontarian Malon
5449 Riverstone Drive
Memphis, Tn 38125
*Via Certified Mail*

MILLER LAW FIRM                          901-327-3434    (Office)
Henry W. Miller, III                     *Via email to:*
(#016817)                                mlfhenry@bellsouth.net
Michael W. Miller    (#11612)            mlfmichael@bellsouth.net
Henry W. Miller, IV  (#036533)           mlfhenryjr@gmail.com
*Attorneys for Plaintiffs*
2400 Poplar Avenue, Suite 418
Memphis, TN 38112

**s./Matthew W. Pryor**