IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Symara A.C. Young, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:25-cv-02799-SHL-atc |
| Shonda R. White, Individually and as Mother ) | JURY DEMANDED |
| and Next Friend of Lasundra Josephine White, a ) | |
| Minor and Jasmine Kinds, Deceased Minor, ) | |
| ) | |
| Consolidated Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| City of Memphis, et al., ) | |
| ) | |
| Defendants. ) | |

**CITY DEFENDANTS' RESPONSE IN OPPOSITION TO MOTIONS FOR LEAVE TO APPEAR PRO HAC VICE**

Defendants City of Memphis and Memphis Police Department (the "City Defendants") submit this Response in Opposition to the Motions for Leave to Appear Pro Hac Vice on behalf of Consolidated Plaintiff Shonda R. White ("Plaintiff") filed by attorneys Joshua M. Levin and Stephen H. Weil respectively. (ECF Nos. 22, 23.)[1] In support, the City Defendants state as follows:

I.  **BACKGROUND**

This case originated on April 19, 2024, in the Circuit Court for Shelby County

---

[1] The Motions for Leave to Appear Pro Hac Vice were filed in the case *White v. City of Memphis et al.*, 2:25-cv-02800-MSN-tmp. The Court consolidated the *White* case with this matter on December 2, 2025, and ordered all future filings for both cases to be made in this action (Case No. Case No. 2:25-cv-02799). Because this filing is a response to motion in the *White* case, all citations herein are made to Electronic Case Filing numbers in the *White* case (2:25-cv-02800).

1

Tennessee. (ECF No. 1-1, at PageID 5.) The City Defendants removed this case to this Court on August 8, 2025, and moved to dismiss Plaintiff's Second Amended Complaint on October 16, 2025. (ECF No. 19.) For the duration of the year and eight months this action has been pending, Attorney Henry W. Miller and his associates have adequately represented Plaintiff. (ECF No. 1-1, at PageID 17.)

On November 28, 2025, a mere three days before the deadline for Plaintiff to respond to the City Defendants' Motion to Dismiss, attorneys Joshua M. Levin ("Levin") and Stephen H. Weil ("Weil," and collectively with Levin, the "Proposed Pro Hac Attorneys") of the law firm Romanucci & Blandin LLC (located in Chicago, Illinois) respectively filed Motions for Leave to Appear Pro Hac Vice on behalf of Plaintiff. (ECF Nos. 22, 23.) Levin and Weil, along with other attorneys employed by Romanucci & Blandin LLC, represent a plaintiff in another civil rights case against the City of Memphis related to the death of Tyre Nichols. *See RowVaughn Wells et al. v. City of Memphis et al.*, Case No. 2:23-CV-02224-MSN-atc (W. D. Tenn.) (the "*Wells* Case"). For the reasons set forth below, the City Defendants oppose the Motions for Leave to Appear Pro Hac Vice (collectively, the "Pro Hac Motions").

**II.   ARGUMENT**

    **A. The Proposed Pro Hac Attorneys' Failure to Comply with Local Rules in the *Wells* Case Should Disqualify Them from Representing Plaintiff in This Matter.**

Local Rule 83.4(h) states, "All attorneys practicing before the United States District Court for the Western District of Tennessee shall comply with these Local Rules, the Rules of Professional Conduct as then currently promulgated and amended by the Supreme Court of Tennessee, and with the Guidelines for Professional Courtesy and Conduct as adopted by this court." The Court's Guidelines for Professional Courtesy and Conduct further provide that lawyers appearing in this Court should "[n]ever knowingly misstate fact or law, regardless of any

2

pressure to do so" and "[n]ot engage in tactics that complicate or delay matters unnecessarily." W.D. Tenn. Local Rules, Appendix C.I.4.

In the *Wells* Case, the Proposed Pro Hac Attorneys have engaged in numerous examples of conduct that is inconsistent with the Court's standards for professional conduct as set forth in the Court's local rules. The Proposed Pro Hac Attorneys misapplied the Court's Local Rules on sealed filings. They have filed numerous documents under seal, but they have never filed a motion to seal in the *Wells* case, despite clear case law requiring them to do so. Moreover, the Proposed Pro Hac Attorneys unexplainably obtained and mishandled sealed documents from the related criminal case, *United States v. Martin, et al.*, Case No. 23-cr-20191-SHL (W.D. Tenn.). The Proposed Pro Hac Attorneys did not report that they were in possession of these documents, nor is it really clear how they obtained the documents. It was only after an inadvertent production of the sealed filings in discovery in the *Wells* Case that the issue was even brought to the Court's attention *by the City*.

Additionally, the Proposed Pro Hac Attorneys recklessly permitted or facilitated the publication of false information regarding the City's insurance coverage. Specifically, counsel for the plaintiff in the *Wells* Case recklessly and falsely stated that the City has municipal insurance and intimated that because of that municipal insurance, the public need not worry about the impact the litigation would have on the City of Memphis. In fact, the Court admonished the Proposed Pro Hac Attorneys to "take pains to ensure that the statements [they are] making are accurate and complete upon <u>first</u> publication" and cautioned the Proposed Pro Hac Attorneys as to the potential detrimental impacts of publication of false information. *Wells* Case, ECF No. 463, at PageID 6479–80.

In litigating the *Wells* Case, the Proposed Pro Hac Attorneys have also attempted

4921-3468-1726

improper ex parte communications to the Court. The Court chided the Proposed Pro Hac Attorneys for one such attempt during a status conference on October 29, 2025. *See Wells* Case, Transcript, ECF No. 516, PageID 7742–43.

Because the Proposed Pro Hac Attorneys have repeatedly misused or ignored the Court's local rules and standards of professional conduct in the *Wells* Case, the Court should not grant them leave to represent Plaintiff in this matter.

### B. The *Wells* Attorneys Seek to Intervene in This Case to Circumvent the Discovery Deadlines in the *Wells* Case.

The written discovery in the *Wells* Case ends on December 14, 2025. *Wells* Case, ECF No. 474. The current deadline for the completion of all discovery, including all depositions, in the *Wells* Case is currently set for February 6, 2026. *See Wells* Case, ECF No. 474. In that case, the Proposed Pro Hac Attorneys have, nevertheless, moved the Court to increase the number of allotted depositions from thirty to forty-four. *Wells* Case, ECF No. 499. However, they oppose the City's motion to increase the number of its allotted depositions in the same case. The Proposed Pro Hac Attorneys appear to be making efforts to take discovery applicable to the *Wells* Case in the *White* and *Young* cases after the *Wells* Case discovery deadlines have passed.

Despite Plaintiff receiving adequate representation from her current counsel in this matter, the Proposed Pro Hac Attorneys are also seeking to join in as co-counsel. The only conceivable reason for the Proposed Pro Hac Attorneys appearing in this case is to seek additional discovery against the City of Memphis and the Memphis Police Department that might be prevented by the *Wells* case's discovery deadline and a court order denying the plaintiff's motion for additional depositions. In short, the Proposed Pro Hac Attorneys seek a work-around of the limitations on discovery in the *Wells* Case through their appearance in this

4

4921-3468-1726

case. If permitted to appear pro hac vice in this matter, the Proposed Pro Hac Attorneys are likely to abuse the discovery process that is memorialized by the scheduling order in the *Wells* Case.

### III. CONCLUSION

For these reasons, the City Defendants respectfully request this Court to deny Joshua M. Levin's and Stephen H. Weil's Motions for Leave to Appear Pro Hac Vice.

In the alternative, the City Defendants request that the Court exclude from the *Wells* Case any discovery obtained in the *White* and *Young* cases after the close of discovery in the *Wells* Case.

Dated: December 2, 2025

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce A. McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone (901) 526-2000
E-mail: bmcmullen@bakerdonelson.com
E-mail: jsilk@bakerdonelson.com

*Attorneys for Defendant City of Memphis*

### CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2025, a copy of the foregoing was served upon Plaintiff via the Court's e-filing system and via email.

*s/ Bruce A. McMullen*
Bruce A. McMullen

4921-3468-1726