IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SYMARA A.C. YOUNG,<br><br>　　Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS, MEMPHIS POLICE DEPARTMENT, ONTARIAN MALONE, MARQUAVIUS WILLIAMS, and MARTERRION BRISCO,<br><br>　　Defendants.<br><br>───────────────────────────<br><br>SHONDA R. WHITE, INDIVIDUALLY AND AS MOTHER AND NEXT FRIEND OF LASUNDRA JOSEPHINE WHITE, A MINOR, and JASMINE KINDS, DECEASED MINOR,<br><br>　　Plaintiffs,<br><br>v.<br><br>CITY OF MEMPHIS, TENNESSEE, MEMPHIS POLICE DEPARTMENT, ONTARIAN MALONE, MARQUAVIUS WILLIAMS, MARTERRION BRISCO, and XAVIER HUNT,<br><br>　　Defendants. | No. 2:25-cv-2799-SHL-atc<br>No. 2:25-cv-2800-SHL-atc |

**ORDER GRANTING MOTIONS FOR LEAVE TO APPEAR PRO HAC VICE AND GRANTING PLAINTIFF SHONDA R. WHITE'S MOTION TO HOLD IN ABEYANCE DEADLINE TO RESPOND TO MOTION TO DISMISS**

Before the Court are two motions for leave to appear pro hac vice, and Plaintiff Shonda

R. White's Motion to Hold in Abeyance Her Deadline to Respond to the City's Motion to

Dismiss.[1]  Defendants City of Memphis and Memphis Police Department (the "City Defendants") oppose the pro hac vice motions.  (ECF No. 40.)[2]  For the reasons that follow, the pro hac vice motions are **GRANTED**.

Although the time for the City Defendants to respond to White's Motion to Hold in Abeyance Her Deadline to Respond to the City's Motion to Dismiss has yet to pass, in the interest of expediting the ruling on the City Defendants' Motion to Dismiss, and for good cause shown, the motion is **GRANTED**.  White's deadline to respond to the City Defendants' Motion to Dismiss is extended from December 1 to December 11, 2025.

## BACKGROUND

These consolidated cases address injuries that Plaintiffs sustained during a May 6, 2023 automobile accident, including a fatality, which Plaintiffs allege was the result of a pursuit by officers of the Memphis Police Department that was an unconstitutional violation of 42 U.S.C. § 1983.  (See ECF Nos. 1-1, 1-3, 12, 34; White Matter, ECF Nos. 1-1, 9).)  On November 28, 2025, attorneys Joshua Levin and Stephen Weil, with the Chicago-based law firm Romanucci & Blandin LLC, filed motions to appear pro hac vice in the White Matter.  (White Matter, ECF Nos. 22 & 23.)  Levin attached a memorandum to his motion, asserting that White "has chosen to retain additional counsel for this matter who specialize in civil rights litigation."  (White Matter, ECF No. 22-1 at PageID 185.)  Both Levin's and Weil's motions included the Court's form for

---

[1] The Motions were filed on November 28, 2025, in Shonda R. White, et al. v. Memphis Police Department, et al., Case No. 2:25-cv-02800-SHL-tmp (the "White Matter").  (See White Matter, ECF Nos. 22, 23 & 24.)  On December 2, 2025, the Court consolidated that case with the instant case.  (See ECF No. 38.)

[2] According to the certificate of consultation attached to White's motion to extend her deadline, the City had not articulated its position on that motion by the time it was filed.  (See White Matter, ECF No. 24 at PageID 200.)

2

appearing pro hac vice, along with the required certificates of good standing, consistent with Local Rule 83.4. (See White Matter, ECF Nos. 22 & 23.)

Before filing their motions, Levin and Weil emailed counsel for the City Defendants seeking their position on their pro hac vice applications. (See White Matter, ECF No. 22-2.) The City Defendants' response to that email foreshadowed the position they eventually articulated in their response to the motions. At bottom, the City Defendants opposed the admissions based on Levin and Weil's involvement in another matter in this Court, RowVaughn Wells, et al. v. City of Memphis, et al., Case No. 23-cv-02224-SHL-atc (the "Wells Matter"). The City Defendants explained that they object to the pro hac vice admissions because the lawyers "have routinely violated the local rules through improperly sealing filings, improperly possessing and handling sealed documents, publishing knowingly false information with regard to the City's insurance coverage (the only reason you avoided sanctions, according to the Court, is that you took the misinformation down quickly, see ECF No. 463), and attempting to contact the court ex parte." (White Matter, ECF No. 22-2 at PageID 189.)

The City Defendants further suggested that Henry Miller, White's counsel to date, was "more than competent to pursue these claims on behalf of his client," and allege that Levin and Weil's involvement in the White matter "appears to be a ruse in that the only conceivable reason you are seeking to pro hac in the **White** case now is to get around the written discovery deadline in the **Wells** case and to improperly expand the number of depositions you can take of the city related to the **Wells** case. This appears to be a work-a-round in case you lose your motion to increase the number of depositions in the **Wells** case[.]" (Id.)

The City Defendants elaborated on these issues in their response to the motion, asserting that, in the Wells Matter, Levin and Weil "have engaged in numerous examples of conduct that

3

is inconsistent with the Court's standards for professional conduct as set forth in the Court's local rules." (ECF No. 40 at PageID 301.) This includes filing numerous documents under seal without having filed a motion to seal those documents, "unexplainably obtain[ing] and mishandl[ing] sealed documents from the related criminal case," and "recklessly permitt[ing] or facilitat[ing] the publication of false information regarding the City's insurance coverage." (Id.) Ultimately, the City Defendants assert that, because Levin and Weil have "repeatedly misused or ignored the Court's local rules and standards of professional conduct in the Wells Case, the Court should not grant them leave to represent Plaintiff in this matter." (Id. at PageID 302.)

The City also asserts that "[t]he only conceivable reason for the Proposed Pro Hac Attorneys appearing in this case is to seek additional discovery against the City of Memphis and the Memphis Police Department that might be prevented by the Wells case's discovery deadline and a court order denying the plaintiff's motion for additional depositions." (Id. at PageID 302.) The City argues that, if Levin and Weil are allowed to appear pro hac vice on White's behalf, they "are likely to abuse the discovery process that is memorialized by the scheduling order in the Wells case." (Id.) To that end, the City Defendants alternatively request that, if Levin and Weil's pro hac vice motions are granted, "the Court exclude from the Wells Case any discovery obtained in the White and Young cases after the close of discovery in the Wells Case." (Id. at PageID 303.)

For her part, White asserts that she is "unaware of anything in the record of this case or the Wells case that would substantiate the City's accusations. She can say, however, that she has retained Mr. Levin and Mr. Weil to represent her in this case, and not for any purpose related to any other case." (ECF No. 22-1 at PageID 186.)

4

## **ANALYSIS**

Under this Court's Local Rules, "[a]n attorney not licensed to practice law in the State of Tennessee, but who is licensed to practice and is in good standing at the bar of the highest court of any other state or the District of Columbia may be admitted specially for the purpose of acting as attorney in a case in this Court." LR 83.4(d). In addition to submitting certificates of good standing from the highest Court of a state or the District of Columbia, and from a United States District Court, attorneys seeking pro hac vice admission must also provide "a certificate that the attorney subjects himself or herself to the jurisdiction of the Court and has obtained, is familiar with and agrees to be bound by these Local Rules, Tennessee Supreme Court Rule 8 (Rules of Professional Conduct), and the Guidelines of Professional Courtesy and Conduct[.]" LR 83.4(d)(1)(B).

Attorneys who comply with the requirements outlined in Local Rule 83.4(d) are routinely admitted to appear pro hac vice in this Court. When the Court does deny motions to appear pro hac vice, it is typically done without prejudice based on some deficiency in the pro hac vice application, such as a failure to provide the Court with the required certificates of good standing. At the same time, the Sixth Circuit has recognized that courts are vested with the discretion to determine if pro hac vice status should be granted or revoked. D.H. Overmyer Co. v. Robson, 750 F.2d 31, 34 (6th Cir. 1984) (explaining that permission to appear pro hac vice is privilege, the granting of which is within sound discretion of presiding judge) (citing Thomas v. Cassidy, 249 F.2d 91 (4th Cir. 1957) (per curiam), cert. denied, 355 U.S. 958 (1958)). Moreover, attorneys who are admitted pro hac vice can have their orders of special admission rescinded for several reasons, including failure to comply with the Local Rules or any misconduct. LR 83.4(d)(3).

Although the City Defendants raise some legitimate concerns regarding Levin and Weil's actions in the Wells Matter, the lawyers' actions there do not warrant denying the pro hac vice motions. The Court found that sanctions were not warranted in that case against plaintiff's counsel—including Levin and Weil—regarding their publication of information regarding the City's insurance coverage, and further instructed the parties in that case that it expects them "to not make any knowingly false statements regarding the case in or outside the Court." (Wells Matter, ECF No. 463 at PageID 6480.) Since the Court entered that Order on July 31, 2025, there has not been a suggestion that plaintiff's counsel has run afoul of that instruction. Denying the pro hac vice applications on those grounds is not warranted.

Similarly, although the Court is concerned about counsel's apparent failure to follow the Court's protocols for sealing documents, that failure does not warrant denying their pro hac vice applications. Instead, Levin and Weil are directed to re-read the Court's Local Rules including the Guidelines of Professional Courtesy and Conduct at Appendix C, and, consistent with Local Rule 83.4, re-read the Rules of Professional Conduct from Tennessee Supreme Court Rule 8.

Finally, the City Defendants' contention that Levin and Weil "unexplainably obtained and mishandled sealed documents from the related criminal case" does not provide a basis for denying the pro hac vice applications. As far as the Court can tell, the City Defendants are referring to counsel's acquisition of trial exhibits from the related criminal case by the attorneys in the Wells Matter. That issue was addressed in March 2025 by Judge Norris, who, at the time, was presiding over both the criminal case and the Wells Matter.

At the Court's direction, Weil submitted a declaration in which he explained that the Clerk of Court provided him the trial exhibits and that he did not obtain them from any other source. (Wells Matter, ECF No. 355 (sealed).) Judge Norris entered an order the next day in

6

which he explained that four exhibits "were filed under seal in the criminal case and were obtained from the Clerk's Office in error." (Wells Matter, ECF No. 357 (sealed).) Judge Norris required that the materials be destroyed and that, "[n]o later than March 28, 2025, all counsel shall file, under seal, a Notice of Compliance accompanied by a declaration confirming that all sealed exhibits have been destroyed and that reasonable steps were taken to eliminate all such documents from their possession, custody, or control." (Id. at PageID 5447.) Weil confirmed the destruction of those documents. (Wells Matter, ECF No. 362.)

In other words, contrary to the City Defendants' suggestion, the attorneys did not "unexplainably obtain" sealed documents. The documents were provided to them in error, and, after the issue was brought to the Court's attention, they explained precisely how they obtained them from the Clerk's Office in error. Then, the attorneys verified that they destroyed the documents consistent with the Court's directive. This does not provide a basis for denying Levin and Weil's pro hac vice motions.

Finally, the Court finds implausible the City Defendants' contention that "[t]he only conceivable reason for the Proposed Pro Hac Attorneys appearing in this case is to seek additional discovery against the City of Memphis and the Memphis Police Department that might be prevented by the Wells case's discovery deadline and a court order denying the plaintiff's motion for additional depositions." (ECF No. 40 at PageID 302.) The main conceivable reason, and the one Levin and Weil assert, is that White retained them to represent her in this case, which deals with an area of law that Levin and Weil specialize in, and not for any purpose related to the Wells Matter. To that end, the City Defendants' request that the Court exclude from the Wells Case any discovery obtained in the White and Young cases after the

close of discovery in the Wells Case is **DENIED**. If the City Defendants' concern proves true, the Court will address the matter at that time.

## CONCLUSION

Levin and Weil's motions for leave to appear pro hac vice are **GRANTED**. White's Motion to Hold in Abeyance Her Deadline to Respond to the City's Motion to Dismiss is **GRANTED**. White shall have until December 11, 2025, in which to file her response to the Motion to Dismiss.

**IT IS SO ORDERED,** this 5th day of December, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE