IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SYMARA A.C. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF MEMPHIS, MEMPHIS POLICE ) | |
| DEPARTMENT, ONTARIAN MALONE, ) | |
| MARQUAVIUS WILLIAMS, and ) | |
| MARTERRION BRISCO, ) | |
| ) | No. 2:25-cv-2799-SHL-atc |
| Defendants. ) | No. 2:25-cv-2800-SHL-atc |
| ) | JURY DEMANDED |
| ) | |
| SHONDA R. WHITE, INDIVIDUALLY ) | |
| AND AS MOTHER AND NEXT FRIEND ) | |
| OF LASUNDRA JOSEPHINE WHITE, A ) | |
| MINOR and JASMINE KINDS, ) | |
| DECEASED MINOR, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF MEMPHIS, TENNESSEE, ) | |
| MEMPHIS POLICE DEPARTMENT, ) | |
| ONTARIAN MALONE, MARQUAVIUS ) | |
| WILLIAMS, MARTERRION BRISCO, and ) | |
| XAVIER HUNT, ) | |
| ) | |
| Defendants. ) | |

**CITY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPREHENSIVE COMPLAINT**

Defendants City of Memphis and Memphis Police Department (the "City Defendants") submit this Response in Opposition Plaintiff Symara A.C. Young's ("Plaintiff") Motion for Leave to File Second Amended Comprehensive Complaint (ECF No. 34).

1

I.  **PROCEDURAL BACKGROUND**

Plaintiff brought her initial Complaint in the present action on April 8, 2024, in the Circuit Court for Shelby County Tennessee. ECF No. 1-1, at PageID 5. Pursuant to an order issued by the Shelby County Circuit Court (ECF No. 1-2, at PageID 10-11), Plaintiff filed her First Amended Complaint on July 11, 2025. ECF No. 1-3, at PageID 14. The City Defendants removed the action to this Court on August 8, 2025. ECF No. 1, at PageID 1.

On September 11, 2025, Plaintiff filed the Comprehensive Amended Complaint. ECF No. 12. The City Defendants moved to dismiss the Comprehensive Amended Complaint on October 16, 2025. Plaintiff responded to the City Defendants' Motion to Dismiss on November 23, 2025. ECF No. 37. The deadline for the City Defendants to submit a reply brief in support of that Motion to Dismiss is December 8, 2025.

Plaintiff now seeks to amend her complaint yet again. Plaintiff filed a Motion for Leave to File Second Amended Comprehensive Complaint on November 21, 2025 (the "Motion for Leave"). ECF No. 34. In the Motion for Leave, Plaintiff asserts that since filing the Comprehensive Amended Complaint, her counsel has learned of a widespread and well-known practice of unauthorized, high-speed vehicle pursuits by the Memphis Police Department ("MPD"). ECF No. 34, PageID 205, ¶¶ 14–16.

The Court should deny the Motion for Leave because Plaintiff's proposed amendments would be futile, for all the reasons set forth below.

II.  **ARGUMENT**

A. **Legal Standard**

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Nevertheless, a party must act with due diligence if it intends to take advantage of Rule 15's liberality. *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995); *see also EEOC v. Taco Bell Corp.*, 575 F. Supp. 2d 884, 888 (W.D. Tenn. 2008); ("[T]he broad, permissive language appearing in Rule 15 does not mean that there are no standards by which the trial court is to be guided.").

Courts consider several factors when deciding whether to grant a motion to amend, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (internal citation omitted). A motion to amend is futile if the proposed amendments could not withstand a Rule 12(b)(6) motion to dismiss. *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005). Thus, to avoid futility, the proposed amended pleadings must allege non-conclusory factual statements rather than mere conclusory allegations. *See Kircher v. City of Ypsilanti*, 809 F. App'x 284, 297 (6th Cir. 2020).

In the Proposed Second Amended Complaint, Plaintiff asserts new allegations regarding a practice of an alleged "run tax" within the MPD and the retracted findings report of a 2023 Department of Justice investigation into the MPD. Permitting Plaintiff to amend her complaint on these bases would be futile because none of the new factual allegations in the Proposed Second Amended Complaint could plausibly subject the City to liability. Additionally, the Proposed Second Amended Complaint, if filed, would actually be Plaintiff's ***fourth version*** of her complaint, demonstrating a repeated failure to cure deficiencies by previous amendments.

### B. The Proposed Second Amended Complaint's Allegations Regarding a "Run Tax" Are Insufficient to Support a Section 1983 Claim.

Plaintiff's proposed allegations in the Second Amended Complaint about the alleged "run

3

tax" do not rehabilitate Plaintiff's claims. As explained in the Memorandum in Support of the City Defendants' Motion to Dismiss, a plaintiff asserting a Section 1983 claim against a municipality must establish that the deprivation of a constitutional right resulted from the municipality's official custom or policy. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 505–506 (6th Cir. 1996). A municipality can only be liable under Section 1983 if the plaintiff establishes the municipality's responsibility for the deprivation of a constitutional right. *Claiborne Cty.*, 103 F.3d at 505–506; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988).

In the Proposed Second Amended Complaint, Plaintiff alleges the existence of a long-standing practice in the MPD known as a "run tax." Proposed Compl., PageID 34-2, ¶ 58.[1] According to Plaintiff, "the 'run tax' was used by officers of the Memphis Police Department to beat [or] otherwise cause extreme bodily harm to residents who Memphis police officers deemed to be fleeing from them or not doing as they were told." *Id.* ¶ 59. Put simply, Plaintiff alleges there was a common practice in the MPD of using unnecessary or excessive force to punish individuals who attempted to flee from police custody.

Even taking the Proposed Second Amended Complaint's allegations concerning a "run tax" as true, they are irrelevant to Plaintiff's claims because her injuries, as described in the Proposed Second Amended Complaint, did not result from MPD Officers exercising an alleged "run tax." Plaintiff alleges that the Defendant MPD Officers engaged in a high-speed pursuit of a vehicle in which Plaintiff was a passenger without activating the vehicle or body-worn camera,

---

[1] In the interest of brevity, the allegations in the Proposed Complaint (ECF No. 34-2) will hereinafter be cited as "Proposed Compl., ¶ #".

any lights on the vehicle (including the blue emergency lights), or the vehicle's audible siren. *Id.* ¶¶ 38–42. Plaintiff also alleges that the MPD officers struck the vehicle in which she was a passenger, which caused the vehicle to crash and Plaintiff to be ejected from the vehicle. *Id.* ¶¶ 43–46.

To state a viable claim under Section 1983, a plaintiff must "show a direct causal link between the custom and the constitutional deprivation . . . ." *Brown v. City of Memphis*, 921 F. Supp. 2d 865, 869 (W.D. Tenn. 2013) (quoting *Claiborne Cty.*, 103 F.3d at 508). The Proposed Second Amended Complaint fails to establish that causal link. According to Plaintiff, her injury resulted from an unauthorized vehicular pursuit. Proposed Compl. ¶¶ 38–48. The Proposed Second Amended Complaint does not contain any plausible allegations that the Defendant MPD Officers were seeking to punish Plaintiff or the other passengers for attempting to flee from police custody. *See id.* ¶ 60 ("The 'run tax' would normally be implemented following an unauthorized pursuit after a citizen was in custody or retrained.") Plaintiff does not allege that she or other passengers in the car were ever in police custody or that the Defendant Officers used excessive force on her or the other passengers for fleeing police custody.

Plaintiff's attempts to connect unauthorized vehicular pursuits to the MPD's alleged "run tax" practice fall short. Plaintiff makes the conclusory assertion that "[t]he 'run tax' could also be implemented through a chase where a stop was not made voluntarily, but an accident or crash occurred." *Id.* ¶ 62. Plaintiff's use of the term "could" is telling: the Proposed Second Amended Complaint fails to identify even a single incident in which the "run tax" was based on an accident or crash resulting from a police chase. In fact, all the examples of "run tax" listed in the Proposed Second Amended Complaint involve police chases on foot and subsequent physical violence allegedly initiated by police officers, neither of which Plaintiff alleges happened in this

5

case. *Id.* ¶ 71.

Because Plaintiff failed to show a direct causal link between the MPD's "run tax" practice and her injury, those allegations in the Proposed Second Amended Complaint cannot serve as the basis for a Section 1983 claim.

### C. The Proposed Second Amended Complaint's Allegations Regarding the Department of Justice Investigation of the MPD Are Insufficient to Support a Section 1983 Claim.

Plaintiff's reliance on the July 27, 2023 Department of Justice ("DOJ") investigation into the MPD does not save her amended claims. *See id.* ¶¶ 80–89. According to Plaintiff, the DOJ Investigation found that "reasonable cause existed evidencing that Defendant City of Memphis, and the Memphis Police Department engaged in a 'pattern or practice of conduct that deprives the people of their rights under the Constitution and federal law.'" *Id.* ¶ 82. Plaintiff concedes, however, that the DOJ investigation does not even mention the May 6, 2023 incident giving rise to her lawsuit. A *Monell* plaintiff must tie the alleged policy directly to his own injury. *Bright v. Gallia Cty.*, 753 F.3d 639, 660 (6th Cir. 2014). The DOJ Investigation, at most, contains generalized observations about departmental practices which are insufficient to establish liability under Section 1983 against the City Defendants.

Moreover, the DOJ report was retracted by the DOJ. On May 21, 2025, the DOJ ended its investigation into MPD and formally retracted the DOJ Report. *See* Press Release, U.S. Department of Justice, *The U.S. Department of Justice's Civil Rights Division Dismisses Biden-Era Police Investigations and Proposed Police Consent Decrees in Louisville and Minneapolis* (May 21, 2025).[2] The DOJ determined that it had been "wrongly equating statistical disparities

---

[2] https://www.justice.gov/opa/pr/us-department-justices-civil-rights-division-dismisses-biden-era-police-investigations-and. The Court may take judicial notice of this press release. Fed. R. Evid. 201(d) ("Judicial notice may be taken at any stage of the proceeding")). "The court may judicially

with intentional discrimination and heavily relying on flawed methodologies and incomplete data." *Id.* (emphasis added). The DOJ's dismissal of its investigation into the MPD and retraction of its findings report is further affirmation that the investigation cannot serve as the basis for Plaintiff's Section 1983 claim.

### D. Plaintiff's Tort Claims Are Barred by the Tennessee Governmental Torts Liability Act.

Plaintiff's claims for negligence and negligence per se in the Proposed Second Amended Complaint and the factual allegations supporting these claims remain unchanged from the Comprehensive Amended Complaint. *Compare* Proposed Compl. (ECF No. 34-2), Claim VI; *with* Comprehensive Amend. Compl. (ECF No. 12), Count VI. As explained in the Memorandum in Support of the City Defendants' Motion to Dismiss, the Tennessee Governmental Torts Liability Act ("GTLA") bars those claims against the City Defendants.

The GTLA preserves a municipality's sovereign immunity for injuries arising out of claims for civil rights violations. Tenn. Code Ann. § 29-20-205(2). A claim falls within this "civil rights exception" when it "arises out of the same circumstances giving rise to [the] civil rights claim under § 1983." *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010). Like the Comprehensive Amended Complaint, Plaintiff's negligence and negligence per se claims in the Proposed Second Amended Complaint are based on the same alleged events, actions, or omissions as Plaintiff's Section 1983 claim. The City Defendants, therefore, retain their immunity and are not vicariously liable for the alleged negligence of the Defendant Officers.

---

notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

7

### III. CONCLUSION

In sum, it would be futile to permit Plaintiff to file the Proposed Second Amended Complaint because none of the additional factual allegations are sufficient to support a Section 1983 or negligence claim against the City Defendants. The factual deficiencies in the Proposed Second Amended Complaint (which would be the *fourth* amended complaint in this case) demonstrate a repeated failure to cure deficiencies by previous amendments. The Court should therefore deny Plaintiff's Motion for Leave to File Second Amended Comprehensive Complaint.

Dated: December 5, 2025

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone (901) 526-2000
E-mail: bmcmullen@bakerdonelson.com
E-mail: jsilk@bakerdonelson.com

*Attorneys for Defendant City of Memphis*

### CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, a copy of the foregoing was served upon Plaintiff via the Court's e-filing system.

*s/ Bruce McMullen*
Bruce A. McMullen