## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

SYMARA A.C. YOUNG     \*
      Plaintiff      \*     DOCKET NO: 2:25-cv-02799
                         \*
                         \*
*Versus*                  \*     JUDGE SHERYL LIPMAN
                         \*
CITY OF MEMPHIS      \*
AND MARTERRION BRISCOE    \*     MAGISTRATE ANNIE T. CHRISTOFF
      Defendants      \*

## MOTION TO FOR EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS

NOW COMES, through undersigned counsel, Plaintiff, Symara A.C. Young, who respectfully moves this Honorable Court for an order extending the time to effect service of process on Defendant Marquavius Williams, based on the following:

1.

This matter was removed to this Court on August 8, 2025, following leave being granted in the State Court allowing Plaintiff to amend her Complaint to add defendants Ontarian Malone and Marquavius Williams and to add claims under 28 USC 1983.

2.

When the state court granted leave, counsel for Defendant City of Memphis indicated that it was his client's intent to remove the case to this Court. Therefore, state court summons was not issued, Plaintiff opting to wait until removal occurred.

3.

On August 27, 2025, at request of undersigned counsel, a summons was issued to Defendants Malone and Williams.

4.

The Summons and Amended Complaint were then sent to Out of Bounds Process Servers for service.

5.

Out of Bounds engaged Angie Verjan with Professional Process Servers to effect service of process on Defendant Williams.

6.

On November 21, 2025, the Summons was returned unserved with an affidavit from Ms. Verjan, that she had been to the address of Defendant Williams on seven occasions, but on each visit, no one answered the door. (Doc. 36).

7.

The address where service was attempted, 7512 Burnstown Lane, Memphis, Tn. 38133, is believed to be a correct address for Defendant Williams, based on the following:

- Undersigned initiated a Comprehensive Report through TLOxp – an internet database that compiles public records and publicly accessible data to provide investigative information on people and business – which confirmed the address as the current address of Defendant Williams.

- On one occasion there was a package at the front door addressed to Defendant Williams

8.

It is believed that Defendant Williams is actively evading service of process based on the following:

- On more than one occasion when Ms. Verjan attempted service, there was a vehicle in the driveway, yet no one answered the door.

- On more than one occasion, Ms. Verjan left her card at the door, and it was removed when she returned.

9.

Plaintiff Symara A.C. Young shows, based on the above, that she has actively and diligently tried to perfect service of process on Defendant Williams since removal and has been acting in good faith.

10.

Plaintiff Symara A.C. Young further shows that Defendant Williams through the actions set forth above is actively abusing judicial process by evading service of process.

11.

When there is evidence that Defendant is evading service of process, this Court is empowered to grant such relief that it deems just and proper. *PNC Equip. Fin. LLC v. Aero Toy Store, LLC,* 2012 US. Dist. LEXIS 115532 (S.D. Ohio 8/16/2012). In *Cohan v. Bensenville Hospitality Inc.,* 2016 U.S. Dist. LEXIS 62207 (E.D. Ill. 5/11/2016), the court stated that the District Courts have "inherent authority 'to fashion an appropriate sanction which abuses the judicial process.'" This includes evasion of service of process. In *Cohan*, the court granted the plaintiff's motion for sanctions due to Defendant's litigating in bad faith, including evasion of service of process.

12.

Plaintiff Symara A.C. Young does not seek sanctions, or a default judgment.  Rather,

Plaintiff Symara A.C. Young, submits that an appropriate remedy is extending the time to effect

service of process.

WHEREFORE, Plaintiff Symara A.C. Young prays premises considered, the Court grant

and additional 90 day to serve Defendant Williams with process.


Respectfully Submitted:

`

**ALEXANDER SHUNNARAH
INJURY LAWYERS**

**_s./Matthew W. Pryor_**
Matthew W. Pryor (Tn. BPR 042961)
James T. Sullivan (BPR No. 036332)
2000 Meridian Boulevard
Suite 225
Franklin, Tennessee 37067
Telephone (615)514-6710
Email: mpryor@asilpc.com


**LR 7.02 Certificate**

Pursuant to LR 7.02 undersigned emailed the proposed motion to all counsel of record on
November 24, 2025, and November 25, 2025, to determine if there was any objection to this
motion.  Undersigned has received no response from Michael Stengel, attorney for Ontarian
Malone, who has previously stated that Mr. Malone stands mute.  On December 2, 2025,
undersigned spoke by phone with Jennie Silk, attorney for Defendant City of Memphis, who
advised Defendant City of Memphis had no opposition to this motion.


**_s./Matthew W. Pryor_**
Matthew W. Pryor

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing was filed with the Court's cm/ecf program this 8th day of December, 2025 and service on all counsel of record was made therewith, and service was made on the following unrepresented individuals via certified mail return receipt requested as set forth below:

Marterrion Brisco
3196 Southbridge Street
Memphis, TN 38118
***Via Certified Mail***

Marquavius Williams
7512 Burnstown Lane
Memphis, Tn 38133
***Via Certified Mail***

***s./Matthew W. Pryor***
Matthew W. Pryor
