IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SYMARA A.C. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF MEMPHIS, MEMPHIS POLICE ) | |
| DEPARTMENT, ONTARIAN MALONE, ) | |
| MARQUAVIUS WILLIAMS, and ) | |
| MARTERRION BRISCO, ) | |
| ) | No. 2:25-cv-2799-SHL-atc |
| Defendants. ) | No. 2:25-cv-2800-SHL-atc |
| ) | JURY DEMANDED |
| ) | |
| SHONDA R. WHITE, INDIVIDUALLY ) | |
| AND AS MOTHER AND NEXT FRIEND ) | |
| OF LASUNDRA JOSEPHINE WHITE, A ) | |
| MINOR and JASMINE KINDS, ) | |
| DECEASED MINOR, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF MEMPHIS, TENNESSEE, ) | |
| MEMPHIS POLICE DEPARTMENT, ) | |
| ONTARIAN MALONE, MARQUAVIUS ) | |
| WILLIAMS, MARTERRION BRISCO, and ) | |
| XAVIER HUNT, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF THE CITY DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPREHENSIVE AMENDED COMPLAINT**

Defendants City of Memphis and Memphis Police Department (the "City Defendants") submit this Reply in Support of their Motion to Dismiss (ECF No. 26) Plaintiff Symara A.C. Young's ("Plaintiff") Comprehensive Amended Complaint.

1

Plaintiff's Memorandum in Opposition to the City of Memphis's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Response," ECF No. 37) fails to show that the Comprehensive Amended Complaint ("Complaint") contains sufficient factual allegations to state a claim upon which relief can be granted. The fact that Plaintiff's negligence and negligence per se claims are related to the operation of a motor vehicle does not remove the City Defendants' immunity to those claims under the Tennessee Governmental Torts Liability Act ("GTLA"). Additionally, Plaintiff fails to identify any factual allegations to remedy the Complaint's deficiencies with respect to her Section 1983 claim.

The Court should dismiss Plaintiff's Comprehensive Amended Complaint.

I.   **ARGUMENT**

   **A. The City Defendants Retain Their Immunity to Plaintiff's Negligence and Negligence Per Se Claims Pursuant to the Civil Rights Exception to the GTLA.**

The GTLA preserves a municipality's sovereign immunity for injuries arising out of claims for civil rights violations. Tenn. Code Ann. § 29-20-205(2). A claim falls within this "civil rights exception" when it "arises out of the same circumstances giving rise to [the] civil rights claim under § 1983." *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010). Like Plaintiff's Section 1983 claim, Plaintiff's negligence and negligence per se claims are based solely on the Defendant MPD Officers' alleged actions and omissions surrounding the May 6, 2023 traffic incident involving Plaintiff. ECF No. 12, ¶¶ 24–34, 46, 62. The City Defendants, therefore, retain their immunity for the alleged negligence of the Defendant Officers.

In the Response, Plaintiff does not deny that her tort claims are based on the same events, actions, and omissions as her Section 1983 claim. Instead, she asserts the novel theory that the GTLA's civil rights exception does not apply to negligence claims arising out of the operation of a motor vehicle. ECF No. 37, PageID 282–84. Specifically, Plaintiff argues that the GTLA's list

of exceptions to the general waiver of immunity for the negligence of government employees under Tenn. Code Ann. § 29-20-205 does not apply where, pursuant to Tenn. Code Ann. § 29-20-202, the employee was operating a motor vehicle. *Id.*

Notwithstanding the fact that Complaint does not seek to establish liability against the City Defendants under Tenn. Code Ann. § 29-20-202 (s*ee* ECF No. 12 ¶¶ 108–112), the GTLA's exceptions to the waiver of immunity apply to any "injury proximately caused by a negligent act or omission of any employee." Tenn. Code Ann. § 29-20-205. If the Tennessee General Assembly did not intend for these exceptions to apply where a municipal employee's negligence is related to operating a motor vehicle, it could have easily made clear such a carve out in the statutes' language. *Cnty. of Oakland v. Fed. Hous. Fin. Agency*, 716 F.3d 935, 940 (6th Cir. 2013) ("Courts should resist reading words or elements into a statute that do not appear on its face." (citation and quotations omitted)). Plaintiff's negligence claim against the City Defendants is based on the negligence of the Defendant Officers as employees of the MPD and is thus squarely within the waiver of immunity and exceptions to that waiver in Tenn. Code Ann. § 29-20-205.

The cases Plaintiff cites in the Response do not support her theory of waiver of immunity under the GTLA. For example, in *Limbaugh v. Coffee Medical Center*, the court held that the intentional tort exception to the waiver of immunity in Tenn. Code Ann. § 29-20-205(2) is limited to the torts listed in that provision and does not apply to claims of assault and battery. 59 S.W.3d 73, 84 (Tenn. 2001). Plaintiff argues that the *Limbaugh* court's statements regarding strict construction of the GTLA requires a court to interpret ambiguities in the GTLA against a sovereign retaining immunity. ECF No. 37, PageID 283. That is incorrect. It is well established that courts are to strictly construe the GTLA ***in favor of a sovereign***. *Siler v. Scott*, 591 S.W.3d

3

84, 104 (Tenn. Ct. App. 2019) (quoting *Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 368–69 (Tenn. 2011) (emphasis added)). The *Limbaugh* holding merely stands for the proposition that the GTLA does not allow plaintiffs to hold governmental entities vicariously liable for intentional torts not specifically listed under Tenn. Code Ann. § 29-20-205(2). *Limbaugh*, 59 S.W.3d at 84.

Additionally, the court in *Hill v. City of Germantown* was discussing whether the waiver of immunity in Tenn. Code Ann. § 29-20-310 constitutes immunity from damages or immunity from suit. *See* 31 S.W.3d 234, 238 (Tenn. 2000). The *Hill* court provided no discussion or insight whatsoever as to whether the exceptions of Tenn. Code Ann. § 29-20-205 apply to employee negligence while operating a vehicle under Tenn. Code Ann. § 29-20-202.

In contrast, this Court, in dicta, has suggested that a municipality's retention of immunity under Tenn. Code Ann. § 29-20-205 also applies to claims that fall under Tenn. Code Ann. § 29-20-202. *Smith v. Grant*, 2022 WL 1196984, at *7 (W.D. Tenn. Apr. 21, 2022) ("While the Parties have not addressed the interaction between § 29-20-202(a) and § 29-20-205(2), and the Court has not found case law on that particular issue, it appears that the retention of immunity under the latter provision would override any waiver of immunity under the former.")

In short, Plaintiff cannot avoid the plain language of the GTLA regarding exceptions to the waiver of immunity. The City Defendants retain their immunity for Plaintiff's state law tort claims because those claims are based on the same facts as her civil rights claim.

### B. The Response Fails to Remedy the Complaint's Factual Deficiencies with Respect to Plaintiff's Section 1983 Claim.

To prevail on a claim against a municipality under Section 1983, a plaintiff must establish both: (1) the deprivation of a constitutional right; and (2) the municipality's responsibility for that violation. *Doe v. Claiborne Cnty., Tenn. By and Through Claiborne Cnty.*

4

*Bd. of Educ.*, 103 F.3d 495, 505–506 (6th Cir. 1996) (citing *Monell v, Department of Social Services of City of New York*, 436 U.S. 658, 690, (1978)). As explained in the Memorandum in Support of its Motion to Dismiss, the Complaint lacks sufficient facts under *Monell* to sustain Plaintiff's Section 1983 claim against the City Defendants under either a failure to train and supervise theory or a custom of tolerance theory. ECF No. 26-1, PageID 171–79. The Response fails to point to factual allegations in the Complaint or provide analogous caselaw to remedy the Complaint's deficiencies.

      **1. Plaintiff Fails to Allege Sufficient Facts to Establish *Monell* Liability Based on a Failure to Train and Supervise.**

The Complaint fails to state a viable Section 1983 claim based on a failure to train or supervise theory because it lacks any factual allegations that the allegedly deficient training and/or supervision of MPD was a result of the City's deliberate indifference to unconstitutional conduct. In particular, the Complaint lacks factual allegations as to the City's training or supervision at all.

It is well settled that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). The legal standards for a claim of inadequate supervision and one of inadequate training are essentially the same. *Okolo v. Metro. Gov. of Nashville*, 892 F. Supp. 2d 931, 943 (M.D. Tenn. 2012). To establish municipal liability for failure to train, a plaintiff must show "'(1) the training program was inadequate to the task the officer must perform, (2) the inadequacy is a result of the municipality's deliberate indifference, and (3) the inadequacy is closely related to or actually caused the plaintiff's injury.'" *Epperson v. City of Humboldt*, Tenn., 140 F. Supp. 3d 676, 684 (W. D. Tenn. 2015) (citation and quotations omitted). "Deliberate indifference requires a showing of 'prior instances of unconstitutional conduct demonstrating that the municipality has

ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Id.* (quoting *Bonner–Turner v. City of Ecorse*, 627 Fed. Appx. 400, 414, 2015 WL 5332465, at *13 (6th Cir. 2015)).

Here, Plaintiff, without providing any specific details, repeatedly concludes that City Defendants failed to train and/or supervise MPD officers regarding the use of force in high-speed vehicle pursuits. Compl., ¶¶ 62, 90, 94, 96, 100. Yet, Plaintiff never provides any allegations detailing MPD's deficient training program or methods at all—much less with respect to its training related to vehicle pursuits.

Moreover, Plaintiff demonstrates an incorrect understanding of the single violation theory for *Monell* liability. Plaintiff argues that she has demonstrated a single violation of federal rights" and "that Defendant failed to train its employees to handle recurring violations where an obvious potential for a constitutional violation exists" merely by alleging that two officers, instead of one, had a history of unauthorized high-speed pursuits. ECF No. 37, PageID 287. As Plaintiff states in the Response, "[t]he fact that there were two officers involved, each with a history, gives the Court a reasonable inference that Defendant City and the Memphis Police Department failed to train its officers regarding proper, legal, and authorized pursuits." *Id.* PageID 288. It defies logic to claim that alleged past misconduct by two officers constitutes a "single violation" demonstrating "a complete failure to train the police force, or training that is so reckless or grossly negligent that future police misconduct is almost inevitable . . . ." *Pheap v. City of Knoxville*, 687 F. Supp. 3d 807, 817 (E.D. Tenn. 2023).

More importantly, Plaintiff fails to cite a single case where a court ruled that two prior incidents involving two officers demonstrate a failure to train sufficient to establish *Monell* liability against a municipality, as Plaintiff attempts to do in the Complaint. In *Harvey v.*

6

*Campbell County*, which Plaintiff cites in support of her single violation argument, the court held that the plaintiff's claim that an officer was inadequately trained absent evidence demonstrating how the training was inadequate was insufficient to establish *Monell* liability. 453 F. App'x 557, 566–67 (6th Cir. 2011). Plaintiff's Section 1983 claim against the City Defendants fails for the same reason.

Plaintiff also relies on *Burmingham v. Gonzales*, an unpublished opinion from the Western District of Michigan, to support her single violation argument. ECF No. 37, PageID 288. In that case, the plaintiff was able to demonstrate a genuine issue of material fact by presenting evidence that the only high-speed pursuit training provided by the municipality was a precision driving course. *Burmingham v. Gonzales*, 1998 U.S. Dist. LEXIS 1778, at *17 (W.D. Mich. Jan. 22, 1998). The court's decision to deny summary judgment to the defendant regarding the plaintiff's Section 1983 claim was not based on a couple of prior instances of misconduct by the police officers involved. *Id.* And unlike Plaintiff in the present matter, the plaintiff in *Burmingham* was able to establish specifics of what made the police force's high-speed training inadequate. *Id.*

Neither of these cases demonstrate that Plaintiff has alleged sufficient facts to establish *Monell* liability based on a failure to train or supervise.

> **2. Plaintiff Fails to Allege Sufficient Facts to Establish *Monell* Liability Based on a Custom of Tolerance of Unlawful Conduct.**

To establish a Section 1983 claim based on a custom of tolerance of unlawful conduct, the plaint must establish a pattern of misconduct "so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691 (internal quotation marks and citation omitted); *see also Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993). Specifically, the plaintiff must plead sufficient facts to show "that there was a pattern of

7

inadequately investigating similar claims." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). The factual allegations in the Complaint fail to establish such a pattern.

In the Response, Plaintiff cites to several allegations in the Complaint apparently showing that "Defendant took no action whatsoever, prior to May 6, 2023, regarding the illegal pursuits initiated by Defendant Officers." ECF No. 37, PageID 290 (citing Compl. ¶¶ 38, 62, 95, 96). However, upon closer examination, the allegations cited by Plaintiff are merely conclusory restatements of the law, which are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

For example, paragraph 95 of the Complaint repeatedly states that the MPD failed to take any corrective action for the Defendant Officers' prior misconduct or ensure these officers would not knowingly violate MPD procedures again. ECF No. 12, PageID 103, ¶ 95. But Plaintiff provides no details such that it is plausible the MPD failed to take corrective action for these incidents or was even on notice of these incidents in the first place. *Id.* Such allegations amount to nothing more than conclusory restatements of the legal standard to establish *Monell* liability under a single violation theory. *See Pheap*, 687 F. Supp. 3d at 817 ("To succeed under a single violation theory, however, Plaintiff must demonstrate that the City 'failed to train its employees to handle recurring situations presenting an obvious potential for such a violation[.]'").

Plaintiff relies on *Leach v. Shelby County Sheriff*, 891 F.2d 1241 (6th Cir. 1989) to argue that pleading **inaction** on behalf of the City Defendants is sufficient to state a Section 1983 claim for a custom of tolerance. ECF No. 37, PageID 290. However, in *Leach*, "there had been enough similar incidents to put the Sheriff, in his official capacity, on notice that Leach would be subject to constitutional deprivation." *Leach*, 891 F.2d at 1247. Notably, there had been at least **fourteen** prior similar incidents such that the sheriff in *Leach*, in his official capacity, was on notice that

8

future constitutional deprivations were likely to occur. *Id.* (emphasis added). Here, in contrast, Plaintiff has only pled two prior incidents involving the Defendant Officers in high-speed pursuits, and she failed to plead any facts demonstrating when the City was on notice of these incidents.

Plaintiff also relies on *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985) for the same argument. In *Marchese*, liability was attributed to the county based on the indifference of the individual sheriff in his official capacity in failing to train and discipline his officers with respect to physical violence against prisoners in police custody. *Marchese*, 758 F.2d at 188. However, in *Marchese*, the court examined a full evidentiary record to conclude there was official toleration of violence against prisoners ***and*** "subsequent concealment followed by a complete failure to initiate and conduct any meaningful investigation on the part of the Sheriff himself." *Id.* 187–88.

Here, Plaintiff has not alleged sufficient facts that plausibly rise to the level of "official toleration" or "subsequent concealment" on the part of the City. In short, the Complaint's allegations, even taken as true, fall far short of the level of deliberate indifference that is present in *Leach* or *Marchese*.

Accordingly, Plaintiff has failed to show that she has stated a viable Section 1983 claim based on a custom-of-tolerance theory.

### III. CONCLUSION

For the reasons stated above and in the City Defendants' Memorandum in Support of its Motion to Dismiss, the Court should grant the City Defendants' Motion to Dismiss.

Dated: December 8, 2025

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.**

9

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone (901) 526-2000
E-mail: bmcmullen@bakerdonelson.com
E-mail:  jsilk@bakerdonelson.com

*Attorneys for Defendant City of Memphis*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, a copy of the foregoing was served upon Plaintiff via the Court's e-filing system.

*s/ Bruce McMullen*
Bruce A. McMullen