## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

<table>
<tr><td>

SYMARA A.C. YOUNG,

     Plaintiff,

v.

CITY OF MEMPHIS, MEMPHIS POLICE
DEPARTMENT, ONTARIAN MALONE,
MARQUAVIUS WILLIAMS, and
MARTERRION BRISCOE,

     Defendants.

---

SHONDA R. WHITE, INDIVIDUALLY
AND AS MOTHER AND NEXT FRIEND
OF LASUNDRA JOSEPHINE WHITE, A
MINOR, and JASMINE KINDS,
DECEASED MINOR,

     Plaintiffs,

v.

CITY OF MEMPHIS, TENNESSEE,
MEMPHIS POLICE DEPARTMENT,
ONTARIAN MALONE, MARQUAVIUS
WILLIAMS, MARTERRION BRISCOE,
and XAVIER HUNT,

     Defendants.

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

No. 2:25-cv-2799-SHL-atc<br>No. 2:25-cv-2800-SHL-atc

</td></tr>
</table>

## ORDER GRANTING DEFENDANT ONTARIAN MALONE'S MOTION TO STAY

Before the Court is Defendant Ontarian Malone Jr.'s ("Malone") Response to Order to

Show Cause and Motion for Stay, filed October 28, 2025. (ECF No. 30.)[1] In the Motion,

---

[1] Malone filed the Motion in <u>Young v. City of Memphis, et al.</u>, 25-cv-2799-SHL-atc. He does not appear to have been served at all in the companion case, <u>White v. City of Memphis, et</u>

Malone asserts that his father, Ontarian Malone, Sr., was served with the complaint, but that he never was.  Nevertheless, Malone's counsel asserts that he is appearing in the case "for the limited purpose of responding to the Court's [Show Cause] Order and seeking a stay of the case[.]"  (Id. at PageID 187.)   Malone asserts he has been indicted for twelve crimes "that arise out of the same incident and set of factual circumstances alleged in Plaintiff's Complaint[.]"  (Id. at PageID 186–87.)  To that end, he seeks to stay the proceedings in this case pending the outcome of his criminal charges, which he anticipates will be resolved by April 2026, in order to avoid having to invoke his Fifth Amendment privilege against self-incrimination in this case.  As the Court stated at the January 12, 2026 Status Conference in these matters, and as is explained in more detail below, Malone's Motion is **GRANTED**.

<u>**APPLICABLE LAW**</u>

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court."  F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977)).  A District Court has broad discretion to stay proceedings. (See id. at 627.)

"It is clear that nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment," and "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings."  Id. at 627 (citation modified).  Ultimately, "district courts have 'broad discretion in determining whether to stay a

_____

al., 25-cv-2800-SHL-atc.  Nevertheless, to the extent that he is eventually properly served in the White matter, this order is equally applicable in that case.

civil action while a criminal action is pending or impending.'" Id. (quoting Chao v. Fleming, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)).

Courts generally consider and balance six factors when contemplating a stay:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Id. Beyond these factors, courts "should consider the extent to which the defendant's fifth amendment rights are implicated." Id. (quoting Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995)). The party seeking the stay bears the burden of showing "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." Id. at 627–28.

## ANALYSIS

The factors weigh in favor of granting a stay as to Malone. The first factor weighs in his favor, as the May 6, 2023 incident forms the basis for the charges in the criminal indictment against Malone as well as the claims against him in the civil suits. The second factor also weighs in his favor, as Malone has been indicted and his case is set for trial in April 2026. As to the third factor, Plaintiffs in both cases did not object to staying the matter as to Malone as it proceeds against the remaining Defendants, which reinforces the idea that Plaintiffs' private interests do not outweigh the prejudice they face that would be caused by the delay. The fourth factor also weighs in Malone's favor, as his private interests under the Fifth Amendment are significant. Although the final two factors do not cut as clearly in Malone's favor, they, too, favor him. The Court has an interest in expeditiously dealing with the matters before it, but that

interest is tempered when considering Malone's Fifth Amendment rights, as well as the fact that the matter will proceed as to all Parties in the case other than Malone. Finally, although the public also has an interest in the expeditious resolution of cases, that interest cannot be said to outweigh Malone's interests here.

For the foregoing reasons, Malone's Motion is **GRANTED**. The matter will be stayed as to him, pending the resolution of the state-court criminal charges against him. Malone's counsel shall promptly update the Court with any developments in that case.

**IT IS SO ORDERED,** this 12th day of January, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE