# EXHIBIT C

| | |
|---|---|
| **From:** | Stephen Weil |
| **To:** | McMullen, Bruce; McKinney, Kelsey; sraisch@rblaw.net; aromanucci@rblaw.net; brooke@bencrump.com; JLevin@rblaw.net; dm@mendelsonfirm.com; fjohnson@johnsonandjohnsonattys.com; stephenrleffler@yahoo.com; martin@sparkman-zummach.com; keenandl@aol.com; jkp@perrygriffin.com; dgodwin@gmlblaw.com; bmckinney@gmlblaw.com; domemphislaw@darrelloneal.com; support@smitticklaw.com; rspence@spencepartnerslaw.com; jspence@spencepartnerslaw.com; AJohnson@rblaw.net; cgrice@eflawgroup.com; ge@perrygriffin.com; lgross@perrygriffin.com; mcollins@gmlblaw.com; tnorman@gmlblaw.com; DKondos@rblaw.net; Mistie@sparkman-zummach.com; cjohnson@rblaw.net |
| **Cc:** | Thompson, Theresa; Morris, Angela; Silk, Jennie; Reagan, Ian |
| **Subject:** | Subpoena and Notice of Deposition for Rodney Wells - Wells v. City of Memphis, et al., Case No. 2:23-cv-02224 |
| **Date:** | Monday, April 7, 2025 5:47:55 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png<br>image006.png |

Bruce I was referring to our taking notes on what was said during the call.

Please do let us know about conferring with the database consultant we have proposed.

- Steve

# Stephen H. Weil
Senior Attorney



**www.rblaw.net**

**e:** sweil@rblaw.net
**p:** (312) 253-8592
**f:** (312) 458-1004
**a:** 321 N Clark St, Ste 900, Chicago, IL 60654



 *Go Green - Please don't print this e-mail unnecessarily.*

**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 or by reply e-mail.

**From:** McMullen, Bruce <bmcmullen@bakerdonelson.com>
**Sent:** Monday, April 7, 2025 5:40 PM
**To:** Stephen Weil <SWeil@rblaw.net>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Sarah Raisch <sraisch@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; brooke@bencrump.com; Joshua Levin <JLevin@rblaw.net>; dm@mendelsonfirm.com; fjohnson@johnsonandjohnsonattys.com; stephenrleffler@yahoo.com; martin@sparkman-zummach.com; keenandl@aol.com; jkp@perrygriffin.com; dgodwin@gmlblaw.com; bmckinney@gmlblaw.com; domemphislaw@darrelloneal.com; support@smitticklaw.com; Robert Spence <rspence@spencepartnerslaw.com>; jspence@spencepartnerslaw.com; Alexis Johnson <AJohnson@rblaw.net>; cgrice <cgrice@eflawgroup.com>; ge@perrygriffin.com; lgross@perrygriffin.com; mcollins@gmlblaw.com; tnorman@gmlblaw.com; Dana Kondos <DKondos@rblaw.net>; Mistie@sparkman-zummach.com; Colton Johnson Taylor <cjohnson@rblaw.net>
**Cc:** Thompson, Theresa <tthompson@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>
**Subject:** RE: Subpoena and Notice of Deposition for Rodney Wells - Wells v. City of Memphis, et al., Case No. 2:23-cv-02224



> **[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Steve,

It appears from your email below (note the highlighted red portion) you have recorded the 4/4 call without the consent of my team. Isn't Illinois a two-party consent state? Weren't you in Illinois during the call? If you were and if your email is accurate (which I doubt), wouldn't your actions be illegal? Who else participated in the recording?

**Bruce A. McMullen**

Shareholder
Direct Dial: 901.577.2356

> **From:** Stephen Weil <SWeil@rblaw.net>
> **Sent:** Monday, April 7, 2025 1:51 PM
> **To:** McKinney, Kelsey <kmckinney@bakerdonelson.com>; Sarah Raisch <sraisch@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; brooke@bencrump.com; Joshua Levin <JLevin@rblaw.net>; dm@mendelsonfirm.com; fjohnson@johnsonandjohnsonattys.com; stephenrleffler@yahoo.com; martin@sparkman-zummach.com; keenandl@aol.com; jkp@perrygriffin.com; dgodwin@gmlblaw.com; bmckinney@gmlblaw.com; domemphislaw@darrelloneal.com; support@smitticklaw.com; Robert Spence <rspence@spencepartnerslaw.com>; jspence@spencepartnerslaw.com; Alexis Johnson <AJohnson@rblaw.net>; cgrice <cgrice@eflawgroup.com>; ge@perrygriffin.com; lgross@perrygriffin.com; mcollins@gmlblaw.com; tnorman@gmlblaw.com; Dana Kondos <DKondos@rblaw.net>; Mistie@sparkman-zummach.com; Colton Johnson Taylor <cjohnson@rblaw.net>
> **Cc:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>
> **Subject:** RE: Subpoena and Notice of Deposition for Rodney Wells - Wells v. City of Memphis, et al., Case No. 2:23-cv-02224
>
> Kelsey,
>
> Your repeated claim that we are mischaracterizing what happened during our calls is incorrect. We are not. Indeed the reason we write follow-up emails is to ensure both sides are in agreement about what understandings the parties reached with each other. We are engaged in this meet and confer process precisely so we can come to a common understanding of each side's positions (even if we don't end up agreeing).
>
> **RFP 133**.
>
> *Gathering videos*. If we understand you correctly, the City is now saying that it will not even begin to *gather* videos from the 880 incidents unless we agree not to even investigate the possibility of bulk queries. That generates needless delay. This discovery was due months ago. We ask that you begin gathering the videos so that they can be produced promptly after we have agreement or the Court orders it.
>
> *Bulk-query / technical consult*. To explore the possibility of a bulk SQL query, we offered to have

an eDiscovery consultant, Tom Matzen, speak with City IT folks about performing bulk queries.  You apparently looked up information about Mr. Matzen online and did not see his qualifications regarding SQL—so you have refused any form of technical consultation.  That objection is transparently pretextual:  we have engaged Mr. Matzen as our technical consultant; if he is not qualified on the topic (he is), then the loss is ours, not yours.  All the same, to address this objection we propose to use **Charles Platt** as a technical consultant to confer with the City's IT personnel regarding bulk SQL searches.  Mr. Platt's CV is attached.  **Please advise by 12:00 Tuesday whether you will agree to a conversation between Mr. Platt and the City's IT personnel.**

**RTRs** and **RFP 139-141**.  It sounds as though we're on the same page for these.

**Complaints against officers**.  You say we're mischaracterizing something here.  I'm not sure what.  In my 3/29 email, we recounted Jennie's statement that complaints against officers that are deemed not meritorious do not appear in the officer's personnel file.  On 3/31 Bruce responded, "We stated that if a complaint is not deemed meritorious, it may not appear in the officer's personnel file, but this is not an absolute rule." (emphasis original).  We recorded you saying essentially the same thing on our 4/4 call, an in my 4/5 email I said that you were uncertain whether complaints that get off the ground are connected with officer IBM numbers.  Now you say I'm mischaracterizing something—but what is it?  Perhaps we mixed up officer personnel files and IBM numbers?  If we did get something wrong,  I would like to understand how what you wrote yesterday comports with Bruce's 3/31 email.

**RFP 134-136**.  Your tone here is lamentable, and wrong.  Our point is that confining your search for responsive documents to a strict word search of emails does not fulfill the City's obligation to respond to this discovery, for the reasons I explained.   As for word searches into the City's network files, we would like to get an agreement on what repositories will be searched.  You are correct that we said we'd have search terms by Friday; it is taking some additional time but we expect to have them today.

**Production deadlines**.  We are willing to work with you on deadlines but we do need them, and Rule 34(b)(2)(B) requires you to provide them.  Thus we ask you to propose a production schedule.

Best regards,

Steve

**Stephen H. Weil**
Senior Attorney



**www.rblaw.net**

**e:** sweil@rblaw.net
**p:** (312) 253-8592
**f:** (312) 458-1004
**a:** 321 N Clark St, Ste 900, Chicago, IL 60654



 *Go Green - Please don't print this e-mail unnecessarily.*

**Confidentiality Statement.**  The information contained in this electronic mail communication is

intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 or by reply e-mail.

**From:** McKinney, Kelsey <kmckinney@bakerdonelson.com>
**Sent:** Sunday, April 6, 2025 5:24 PM
**To:** Stephen Weil <SWeil@rblaw.net>; Sarah Raisch <sraisch@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; brooke@bencrump.com; Joshua Levin <JLevin@rblaw.net>; dm@mendelsonfirm.com; fjohnson@johnsonandjohnsonattys.com; stephenrleffler@yahoo.com; martin@sparkman-zummach.com; keenandl@aol.com; jkp@perrygriffin.com; dgodwin@gmlblaw.com; bmckinney@gmlblaw.com; domemphislaw@darrelloneal.com; support@smitticklaw.com; Robert Spence <rspence@spencepartnerslaw.com>; jspence@spencepartnerslaw.com; Alexis Johnson <AJohnson@rblaw.net>; cgrice <cgrice@eflawgroup.com>; ge@perrygriffin.com; lgross@perrygriffin.com; mcollins@gmlblaw.com; tnorman@gmlblaw.com; Dana Kondos <DKondos@rblaw.net>; Mistie@sparkman-zummach.com; Colton Johnson Taylor <cjohnson@rblaw.net>
**Cc:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>
**Subject:** RE: Subpoena and Notice of Deposition for Rodney Wells - Wells v. City of Memphis, et al., Case No. 2:23-cv-02224

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Steve,

We are confused and disappointed that your "summary" of our conference on Friday is so blatantly incorrect. Luckily, we took very good notes. Accordingly, below is a summary of what *actually* transpired on Friday's call.

On another note, we have now spent at least 7 hours on phone conferences with you regarding these and other discovery issues in the last few weeks. We spent 4.5 hours *just last week* on the phone with you, and this is the result? A false summary of "agreements" that we never made? Consider this our last meet and confer on this issue. Our responses to your specific items are in red below.

**RFP 133.**

The parties agree that the City will produce the Evidence.com videos for the 880 incidents reviewed by the DOJ in the Evidence.com database. What remains for discussion is what additional database information will be gathered relating to those incidents.

The Evidence.com videos. You indicated that the City had not yet begun the process of gathering these videos or otherwise making them accessible to us. We asked you to begin that process and you agreed. As discussed, the videos will refer to metadata, including the metadata provided in the Evidence.com spreadsheet. We asked for rolling production of these videos and you agreed.

This is incorrect, as was clarified at the very end of the call. As a threshold matter, we stand on our relevance objection as to these 880 incidents. Your focus on these 880 incidents is akin to a fishing expedition, especially in light of your other document requests for relevant documents. In an effort to

compromise on RFP 133 as a whole, we have offered to produce the Evidence.com files for the 880 incidents so that Plaintiff can begin narrowing down the request further. This is offer is not--and never has been--in addition to plaintiff's request for back-end bulk searches. As was clarified on the call, if plaintiff is going to insist on production via a bulk query, the City will not agree to produce the videos.

Thus, no, we have not agreed to begin producing the 880 videos. Likewise, there was no discussion on the call about the videos referring to the metadata in the "Evidence.com spreadsheet." It is unclear what you mean by that, but we will assume you are referring to the audit trails. What was discussed is that in addition to the videos, any production from Evidence.com will include spreadsheets with every .zip file downloaded that identifies some level of metadata about the videos, such as the uploading officer, Evidence ID, etc.

*Bulk SQL queries*. We discussed performing back-end bulk SQL queries to locate the various records that exist in MPD's databases for each of the 880 incidents. As discussed, we are proposing the method of back-end bulk SQL querying as an alterative to your proposed front-end incident-by-incident searches to address your burden objections. We proposed having our consultant Mr. Tom Matzen, who was on the call, confer with technical persons on the City's side to discuss the details of how this might be done. **You committed to providing us with an answer to this request by Monday.**

We will not agree to have Mr. Matzen meet with our client about this issue. We reviewed Mr. Matzen's credentials, and he does not appear to have any experience or expertise with the complex database issues on which he is advising you. We stand on our objections. We are at issue.

*User-interface queries*. We discussed access the user interface(s) for the databases. That discussion was somewhat exploratory, so be clear: our understanding of the SQL server is that the City can give us the code that that comprises the interfaces, which will enable us to operate the user interfaces for the 880 incidents once they have been isolated using the bulk query. In other words, instead of giving us access to the user interfaces for the full databases like MPD did for DOJ, we would have access to the user interfaces only for records related to the 880 incidents. This likely will require further discussion between Mr. Matzen and your technical person, which we can arrange for Monday/Tuesday. **Please let us know by Monday.**

This was not discussed on the call. As stated above, we will not agree to have Mr. Matzen meet with our client about this issue. We stand on our objections. We are at issue.

*Database fields*. We noted that you had agreed on our previous call to provide Plaintiff with the universe of fields in the MPD databases that exist for any one of the 880 incidents on Evidence.com. You stated on yesterday's call that you did not recall this, but you agreed to get back to us with this information. **Please let us know by Monday.**

We have no memory of agreeing to this, nor do we see the relevance.

*Unique incident IDs.* In these discussions you noted that the unique incident numbers that link records in Evidence.com to records related to the same incident in MPD's other databases might not be entered in all InformRMS entries, and that there would need to be a second-order connection (to another unique ID) for some entries. To address that issue, Mr. Matzen asked whether the databases, including InformRMS, have a unique ID number for incidents that may not be visible but can be used for performance issues etc. and could potentially be used to link the MPD data for each incident, including data in InformRMS. **You agreed to check and let us know.**

I don't even know what you are actually trying to get from this request, but since we agreed to ask about it, we will. In any event, we object to any further requests for information about our databases. You are not entitled to our databases, nor are you entitled to unfettered access to the data therein.

*Databases in question*. For purposes of this discussion, the databases we are referring to are the ones set out in the Copy of Table Identifying Storage spreadsheet—though we don't expect to connect with the PowerDMS for this discussion, since that database just tracks training. On the other hand we are assuming the Getac database (which contains in-car videos) has an audit trail system similar to the Axon / [Evidence.com](Evidence.com) database. We will therefore need to discuss gathering information from and related to this database as well. We anticipate that will be considerably simpler once we have ironed out gathering information connected with the [Evidence.com](Evidence.com) / Axon database.

<span style="color:red">We stand on our objections to performing back-end searches. At this time, no further discussion is needed because we are at issue.</span>

**RTRs.** We will provide you with a list of the fields missing from the RTR spreadsheet that are relevant. You agreed to provide the field name dictionary for the RTR excel file.

<span style="color:red">Correct.</span>

**RFPs 139-141.** You stated that you had conducted a cross custodian (i.e., all-MPD) search for the terms listed. At our request you agreed to re-run the searches by eliminating the term "scorpion" but confining the custodians to MPD employees in the OCU. When this search is run we ask that you please provide the list of custodians it is run against. You agreed that if this search returns voluminous hit rates, you will provide a report of hit counts per each custodian so that we can work through any burden issues.

<span style="color:red">Correct. We have submitted this search request.</span>

**Complaints against officers**.

You were uncertain whether complaints that do not get off the ground (e.g., are treated as unfounded at the outset) are recorded against officer IBM numbers. You also stated that some complaints are in paper.

<span style="color:red">This is incorrect. We have no reason to believe that complaints against officers—whether unfounded or escalated—would not be connected to the officer's IBM numbers, nor did we make a representation otherwise. We also stated that some of those records may be in paper, as some processes at the workstation level are still completed on paper. We were very clear that it was unknown as to the availability of everything digitally. Please take care not to misrepresent our discussions.</span>

For all the officers identified, we asked you to run searches for their IBM numbers in the complaint database (not just their personnel files) and you agreed to so so.

<span style="color:red">We will run searches for all officers identified in RFPs 144-194, subject to any objections previously stated in our responses.</span>

We asked what information fields are present in the complaint database (besides officer IBM number), and whether the complaints/the fields are tagged in any way. You did not know and are getting back to us.

You will also get back to us about whether and how paper complaints can be searched.

<span style="color:red">We are looking into this. Please see paragraph above about paper records, as you have again misrepresented the discussion.</span>

**RFP 134-136.** You have provided search terms and stated that these would be run against custodians that had been proposed last year (before these RFPs were served) along with one additional custodian (Col. Willie Mathena) who the City has agreed to add for all ESI searching in this case. We are editing the search

terms and will get proposed edits to you promptly.

We emphasized that the searches for documents responsive to RFPs 134-136 should not be limited strictly to these search terms and to a list of email custodians that were not agreed on with these RFPs in mind. These requests all concern documents reflecting identification of policymakers and actions taken by policymakers. That calls for counsel to ask policymakers whether certain actions had been taken, who within MPD has taken any such actions, and where responsive documents related to these actions might be located. Often, we noted, if a particular policy review was conducted, it might simply be reflected in a memorandum, irrespective of the emails responsive to a word search. We also noted that word searches might be over- and under-inclusive. In addition, your search-term-based custodial searching is not adequate because it only searches the email accounts of custodians, and does not search shared drives, hard drives, network drives, and other non-custodial sources where responsive material may be.

We also noted that these requests were propounded to gather documents for Rule 30(b)(6) depositions, and that we were anticipating taking a Rule 30(b)(6) deposition on substantially similar topics. Responding to these RFPs thus called for an investigation similar to preparation for a Rule 30(b)(6) deposition—conferring with policymakers about the likely location of responsive documents, not just performing word searches.

On our call, **you agreed to consider our position about the need to conduct non-search-term-based searching, as described above, to locate documents responsive to RFPs 134-136, and to get back to us.** In addition, you agreed to let us know whether your conversations with policymakers concerning 134-136 yielded any additional custodians for email/search-term searching. You also agreed to let us know your position on the relevant time period for RFPs 134-136, which is 2018 to present, in our view.

Additionally, it appears you intend to confine your search to emails only. However, the results of policy reviews may be contained in office files. Or they simply may be gathered somewhere, i.e. in a policy analysis or similar office within the MPD. Such repositories should be located and searched, using search terms or manually. **Please advise whether you agree to search office files**. (This issue was not raised directly on the call, though it is connected to "searches" conducted through conversations with policymakers and likely custodians discussed above.)

<span style="color:red">Your lengthy explanation of the actions you are asking us to take sound a lot like you asking us to do your job for you. In a previous hours-long meet and confer, you asked us for search terms. We have provided the search terms.. Moreover, it is up to us to decide how and when we prep our witnesses for depositions. Once you actually notice a 30(b)(6) deposition, then we will do our job to make sure they are adequately prepared. Until then, as is a standard practice, we will run search terms in emails and in the larger MPD network to the extent that is possible.</span>

<span style="color:red">In addition, you committed to providing feedback on our proposed search terms for RFPs 134-136 **on Friday**. We did not receive anything from your team on this point. Please provide your changes promptly.</span>

**Production Deadlines.** This topic was not directly discussed on yesterday's call, but we will need to discuss with you next week: we need to discuss deadlines for gathering and producing documents responsive to the foregoing discovery, along with other RFPs you have agreed to respond to, e.g., **RFP 125**, **RFP 129-131**, **RFP 137.** Please propose dates for gathering and production.

<span style="color:red">We are constantly gathering, reviewing, and producing documents. We will continue to do so on a rolling basis. We have wasted hours in recent weeks on unproductive videoconferences and repeat inspections.</span>

<span style="color:red">Kindly,
Kelsey</span>

___

**Kelsey W. McKinney** (she/her/hers)
Associate
Direct:  901.577.8204
Email:  kmckinney@bakerdonelson.com

---

**From:** Stephen Weil <SWeil@rblaw.net>
**Sent:** Saturday, April 5, 2025 2:53 PM
**To:** Silk, Jennie <jsilk@bakerdonelson.com>; Sarah Raisch <sraisch@rblaw.net>; Reagan, Ian <ireagan@bakerdonelson.com>; Antonio Romanucci <aromanucci@rblaw.net>; brooke@bencrump.com; Joshua Levin <JLevin@rblaw.net>; dm@mendelsonfirm.com; fjohnson@johnsonandjohnsonattys.com; stephenrleffler@yahoo.com; martin@sparkman-zummach.com; keenandl@aol.com; jkp@perrygriffin.com; dgodwin@gmlblaw.com; bmckinney@gmlblaw.com; domemphislaw@darrelloneal.com; support@smitticklaw.com; Robert Spence <rspence@spencepartnerslaw.com>; jspence@spencepartnerslaw.com; Alexis Johnson <AJohnson@rblaw.net>; cgrice <cgrice@eflawgroup.com>; ge@perrygriffin.com; lgross@perrygriffin.com; mcollins@gmlblaw.com; tnorman@gmlblaw.com; Dana Kondos <DKondos@rblaw.net>; Mistie@sparkman-zummach.com; Colton Johnson Taylor <cjohnson@rblaw.net>
**Cc:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** RE: Subpoena and Notice of Deposition for Rodney Wells - Wells v. City of Memphis, et al., Case No. 2:23-cv-02224

Counsel,

I am writing to follow up on yesterday's call.

**RFP 133.**

The parties agree that the City will produce the Evidence.com videos for the 880 incidents reviewed by the DOJ in the Evidence.com database.  What remains for discussion is what additional database information will be gathered relating to those incidents.

The *Evidence.com videos*.  You indicated that the City had not yet begun the process of gathering these videos or otherwise making them accessible to us.  We asked you to begin that process and you agreed.  As discussed, the videos will refer to metadata, including the metadata provided in the Evidence.com spreadsheet.  We asked for rolling production of these videos and you agreed.

*Bulk SQL queries*.  We discussed performing back-end bulk SQL queries to locate the various records that exist in MPD's databases for each of the 880 incidents. As discussed, we are proposing the method of back-end bulk SQL querying as an alterative to your proposed front-end incident-by-incident searches to address your burden objections. We proposed having our consultant Mr. Tom Matzen, who was on the call, confer with technical persons on the City's side to discuss the details of how this might be done.  **You committed to providing us with an answer to this request by Monday.**

*User-interface queries*.  We discussed access the user interface(s) for the databases.  That discussion was somewhat exploratory, so be clear: our understanding of the SQL server is that the City can give us the code that that comprises the interfaces, which will enable us to operate the user interfaces for the 880 incidents once they have been isolated using the bulk query.  In other words, instead of giving us access to the user interfaces for the full databases like MPD did for DOJ, we would have access to the user interfaces only for records related to the 880 incidents. This

likely will require further discussion between Mr. Matzen and your technical person, which we can arrange for Monday/Tuesday. **Please let us know by Monday.**

*Database fields*. We noted that you had agreed on our previous call to provide Plaintiff with the universe of fields in the MPD databases that exist for any one of the 880 incidents on Evidence.com. You stated on yesterday's call that you did not recall this, but you agreed to get back to us with this information. **Please let us know by Monday.**

*Unique incident IDs.* In these discussions you noted that the unique incident numbers that link records in Evidence.com to records related to the same incident in MPD's other databases might not be entered in all InformRMS entries, and that there would need to be a second-order connection (to another unique ID) for some entries. To address that issue, Mr. Matzen asked whether the databases, including InformRMS, have a unique ID number for incidents that may not be visible but can be used for performance issues etc. and could potentially be used to link the MPD data for each incident, including data in InformRMS. **You agreed to check and let us know.**

*Databases in question*. For purposes of this discussion, the databases we are referring to are the ones set out in the Copy of Table Identifying Storage spreadsheet—though we don't expect to connect with the PowerDMS for this discussion, since that database just tracks training. On the other hand we are assuming the Getac database (which contains in-car videos) has an audit trail system similar to the Axon / Evidence.com database. We will therefore need to discuss gathering information from and related to this database as well. We anticipate that will be considerably simpler once we have ironed out gathering information connected with the Evidence.com / Axon database.

**RTRs.** We will provide you with a list of the fields missing from the RTR spreadsheet that are relevant. You agreed to provide the field name dictionary for the RTR excel file.

**RFPs 139-141.** You stated that you had conducted a cross custodian (i.e., all-MPD) search for the terms listed. At our request you agreed to re-run the searches by eliminating the term "scorpion" but confining the custodians to MPD employees in the OCU. When this search is run we ask that you please provide the list of custodians it is run against. You agreed that if this search returns voluminous hit rates, you will provide a report of hit counts per each custodian so that we can work through any burden issues.

**Complaints against officers**.

You were uncertain whether complaints that do not get off the ground (e.g., are treated as unfounded at the outset) are recorded against officer IBM numbers. You also stated that some complaints are in paper.

For all the officers identified, we asked you to run searches for their IBM numbers in the complaint database (not just their personnel files) and you agreed to so so.

We asked what information fields are present in the complaint database (besides officer IBM number), and whether the complaints/the fields are tagged in any way. You did not know and are getting back to us.

You will also get back to us about whether and how paper complaints can be searched.

**RFP 134-136**. You have provided search terms and stated that these would be run against custodians that had been proposed last year (before these RFPs were served) along with one additional custodian (Col. Willie Mathena) who the City has agreed to add for all ESI searching in

this case.  We are editing the search terms and will get proposed edits to you promptly.

We emphasized that the searches for documents responsive to RFPs 134-136 should not be limited strictly to these search terms and to a list of email custodians that were not agreed on with these RFPs in mind.  These requests all concern documents reflecting identification of policymakers and actions taken by policymakers.  That calls for counsel to ask policymakers whether certain actions had been taken, who within MPD has taken any such actions, and where responsive documents related to these actions might be located.  Often, we noted, if a particular policy review was conducted, it might simply be reflected in a memorandum, irrespective of the emails responsive to a word search.  We also noted that word searches might be over- and under-inclusive. In addition, your search-term-based custodial searching is not adequate because it only searches the email accounts of custodians, and does not search shared drives, hard drives, network drives, and other non-custodial sources where responsive material may be.

We also noted that these requests were propounded to gather documents for Rule 30(b)(6) depositions, and that we were anticipating taking a Rule 30(b)(6) deposition on substantially similar topics. Responding to these RFPs thus called for an investigation similar to preparation for a Rule 30(b)(6) deposition—conferring with policymakers about the likely location of responsive documents, not just performing word searches.

On our call, **you agreed to consider our position about the need to conduct non-search-term-based searching, as described above, to locate documents responsive to RFPs 134-136, and to get back to us.** In addition, you agreed to let us know whether your conversations with policymakers concerning 134-136 yielded any additional custodians for email/search-term searching. You also agreed to let us know your position on the relevant time period for RFPs 134-136, which is 2018 to present, in our view.

Additionally, it appears you intend to confine your search to emails only.  However, the results of policy reviews may be contained in office files.  Or they simply may be gathered somewhere, i.e. in a policy analysis or similar office within the MPD. Such repositories should be located and searched, using search terms or manually.  **Please advise whether you agree to search office files**. (This issue was not raised directly on the call, though it is connected to "searches" conducted through conversations with policymakers and likely custodians discussed above.)

**Production Deadlines.**  This topic was not directly discussed on yesterday's call, but we will need to discuss with you next week:  we need to discuss deadlines for gathering and producing documents responsive to the foregoing discovery, along with other RFPs you have agreed to respond to, e.g., **RFP 125**, **RFP 129-131**, **RFP 137.**  Please propose dates for gathering and production.

Please get back to us by COB Monday at the latest.  We would welcome correspondence before then, especially as it relates to the consultation between Mr. Matzen and your IT personnel.

Best regards,

Steve

**Stephen H. Weil**
Senior Attorney



e: sweil@rblaw.net
p: (312) 253-8592
f: (312) 458-1004
a: 321 N Clark St, Ste 900, Chicago, IL 60654



[www.rblaw.net](www.rblaw.net)   

 **Go Green - Please don't print this e-mail unnecessarily.**

**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 or by reply e-mail.

**From:** Silk, Jennie <jsilk@bakerdonelson.com>
**Sent:** Wednesday, April 2, 2025 3:25 PM
**To:** Sarah Raisch <sraisch@rblaw.net>; Reagan, Ian <ireagan@bakerdonelson.com>; Antonio Romanucci <aromanucci@rblaw.net>; brooke@bencrump.com; Joshua Levin <JLevin@rblaw.net>; dm@mendelsonfirm.com; fjohnson@johnsonandjohnsonattys.com; stephenrleffler@yahoo.com; martin@sparkman-zummach.com; keenandl@aol.com; jkp@perrygriffin.com; dgodwin@gmlblaw.com; bmckinney@gmlblaw.com; domemphislaw@darrelloneal.com; support@smitticklaw.com; Robert Spence <rspence@spencepartnerslaw.com>; jspence@spencepartnerslaw.com; Alexis Johnson <AJohnson@rblaw.net>; cgrice <cgrice@eflawgroup.com>; ge@perrygriffin.com; lgross@perrygriffin.com; mcollins@gmlblaw.com; Stephen Weil <SWeil@rblaw.net>; tnorman@gmlblaw.com; Dana Kondos <DKondos@rblaw.net>; Mistie@sparkman-zummach.com; Colton Johnson Taylor <cjohnson@rblaw.net>
**Cc:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** RE: Subpoena and Notice of Deposition for Rodney Wells - Wells v. City of Memphis, et al., Case No. 2:23-cv-02224

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Counsel,

I am writing to follow up and memorialize our April 2, 2025 meet and confer regarding the City's subpoenas to Ms. Dixon, Mr. Dupree, and Mr. Wells.

ESI/Phone Protocol

Plaintiff agreed with the City that the process for collection of ESI/communications should be the same process for Plaintiff controlled witnesses and City controlled witnesses. Plaintiff stated that by removing Mr. Dupree from Plaintiff's Initial Disclosures, Plaintiff anticipates that this means Mr. Dupree will not be subject to any ESI protocol. The City expressly reserved the right to depose Mr. Dupree and have his phone and/or electronics subject to whatever ESI protocol is eventually in place, regardless of Plaintiff's amended disclosures. The City stated that the same protocol that applies to City controlled witnesses should apply to Mr. Dupree.

There was disagreement as to which custodians should be subject to any potential ESI protocol. This may require further communication between the parties. That said, as a general proposition, the parties agree that any ESI data collection protocol should apply to both City and Plaintiff controlled witnesses.

The parties discussed self-collection for data responsive to Ms. Dixon's subpoena since her deposition is scheduled for April 7, 2025. Plaintiff advised they would get back to the City on self-collection by the morning of April 3, 2025.

<u>Ms. Dixon Document Requests</u>

Request No. 1: The parties agreed to limit the temporal scope to Jan. 1, 2022 to January 7, 2023. The parties discussed subject matter limitations on the request. The parties agreed that Plaintiff should provide the City with the volume of responsive communications. Based on that volume (or lack thereof) the parties could then discuss the possibility of narrowing the subject matter. Plaintiff said they would speak to their client and give the City a date certain for providing the information regarding volume by EOD April 3, 2025.

Request No. 2: The parties discussed the relevance of the sought communications. Plaintiff agreed that responsive communications about Mr. Nichols' relationship with the minor child, the GoFundMe, and the domestic abuse are relevant. Plaintiff stated they would notify the City whether they are standing on their objections in light of this discussion by EOD April 3, 2025.

Request No. 3 and 4: The City agreed to strike the "related to Mr. Nichols" language from this request in principle. Plaintiff stated they would speak with their client and report back to the City. No specific date was discussed, but the City requests a follow-up from Plaintiff by EOD April 3, 2025.

Request No. 5: The City asked whether Romanucci & Blandin and/or Ben Crump Law represent Ms. Dixon for purposes of her deposition. Plaintiff advised that Romanucci & Blandin represent Ms. Dixon for her deposition. Plaintiff then advised they would confirm whether Ben Crump Law represents Ms. Dixon. The City requests that Plaintiff report back with this information by EOD April 3, 2025. Unless Ben Crump Law represents Ms. Dixon in any capacity, any communications with Ben Crump Law would not be privileged. The City also stated that Kareem Ali is on the Board of the Tyre Nichols Foundation and his communications with Ms. Dixon in that role are not privileged.

Request No. 6: The City stated it is willing to limit the temporal scope from Jan. 1, 2019 to present. The City stated the first step for this request is for Plaintiff to talk to Ms. Dixon to get a sense of how many people and to whom Ms. Dixon communicated with regarding these topics. Plaintiff stated they would speak to their client. The City requests that Plaintiff follow up by EOD April 3, 2025.

Request No. 7: The City pointed out that this request is not unlimited in temporal scope since the minor child was born in 2017. Plaintiff stated they would speak to their client regarding

this request and report back. The City requests that Plaintiff report back by EOD April 3, 2025.

Request No. 8: Plaintiff requested a narrowed temporal scope. The City did not agree to a temporal limitation. Plaintiff said they would speak with their client regarding this request and report back. The City requests that Plaintiff report back by EOD April 3, 2025.

<u>Mr. Dupree/Mr. Wells Document Requests</u>

The parties did not discuss each specific request, but the City said it would be willing to make similar limitations as those it is willing to make for the Ms. Dixon subpoena where applicable. The City noted many of the requests are similar. For example, the City is willing to limit the temporal scope for the Mr. Dupree subpoena Request No. 1 to Jan. 1, 2022 to Jan. 7, 2023, as it was willing to do for Request No. 1 in the Ms. Dixon subpoena.

Further discussion may be required.

<u>Consultation on Third Inspection of Car Contents</u>

The City has arranged to be present for the third inspection of the remaining contents of Mr. Nichols' car tomorrow. The City's photographer and videographer will also attend the third inspection. Should Mr. Levin's flight get cancelled due to inclement weather, the City is willing to arrange an alternative date for the inspection.

The City reminded Plaintiff's counsel of Ms. Wells' obligation to preserve any relevant materials, including the contents of the car. Consequently, the City advised that if the remaining contents of the car were not produced *in toto* at the third inspection, the City would be filing a Motion to Compel and Motion for Spoilation and Sanctions. Plaintiff objected to the City's potential motion.

Thanks,

**Jennie Vee Silk**
Phone 901.577.8212

**From:** Sarah Raisch <sraisch@rblaw.net>
**Sent:** Monday, March 31, 2025 8:34 PM
**To:** Silk, Jennie <jsilk@bakerdonelson.com>; Reagan, Ian <ireagan@bakerdonelson.com>; Antonio Romanucci <aromanucci@rblaw.net>; brooke@bencrump.com; Joshua Levin <JLevin@rblaw.net>; dm@mendelsonfirm.com; fjohnson@johnsonandjohnsonattys.com; stephenrleffler@yahoo.com; martin@sparkman-zummach.com; keenandl@aol.com; jkp@perrygriffin.com; dgodwin@gmlblaw.com; bmckinney@gmlblaw.com; domemphislaw@darrelloneal.com; support@smitticklaw.com; Robert Spence <rspence@spencepartnerslaw.com>; jspence@spencepartnerslaw.com; Alexis Johnson <AJohnson@rblaw.net>; cgrice <cgrice@eflawgroup.com>; ge@perrygriffin.com; lgross@perrygriffin.com; mcollins@gmlblaw.com; Stephen Weil <SWeil@rblaw.net>; tnorman@gmlblaw.com; Dana Kondos <DKondos@rblaw.net>; Mistie@sparkman-zummach.com; Colton Johnson Taylor <cjohnson@rblaw.net>
**Cc:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; McKinney, Kelsey

<kmckinney@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** Re: Subpoena and Notice of Deposition for Rodney Wells - Wells v. City of Memphis, et al., Case No. 2:23-cv-02224

Jennie,

Let's plan to discuss our objections to the City's subpoenas duces tecum to Mr. Wells, Ms. Dixon, and Mr. Dupree at **10:30am CT tomorrow**. We will send a Teams invite. We are open to discussing and finding ways to narrow each of these subpoenas to an appropriate scope, just as we were able to do with the City's subpoena to Ms. Jackson. To make our conversation as productive as possible, please send search terms you would propose for these individuals, so that we have concrete proposals to consider and discuss. We can also be available to meet later this week to discuss proposed terms.

Our objections to Mr. Wells' subpoena duces tecum (which you served on March 26) are as follows:

The document requests seek communications about personal and intimate family matters that are not relevant to any party's claim or defense. Additionally, the City's Requests are overbroad, unduly burdensome, and not proportional to the needs of this case. Furthermore, in seeking private, irrelevant information, the City's requests are calculated to harass, embarrass, or intimidate Mr. and Ms. Wells. Below, we have highlighted the key overbreadth, relevance, and privacy concerns in each of the City's requests.

- Request No. 1: "Any and all communications" that Mr. Wells had *about anything* with his deceased stepson for *a year* before Mr. Nichols was killed.
- Request No. 2: "Any and all communications" that Mr. Wells had with "Ms. Jackson regarding Mr. Nichols, Mr. Nichols' minor child, the incident giving rise to this lawsuit, and/or this litigation" stretching back *over six years*.
- Request No. 3: "Any and all communications" that Mr. Wells has had with his wife related to Mr. Nichols minor child, Mr. Nichols' beating and death, "the GoFundMe," Mr. Nichols' move to Memphis, or this litigation *with no time limits*.
- Request No. 5-7: "Any and all communications" that Mr. Wells had "*with anyone regarding anything*" related to the administration of Mr. Nichols estate and/or this litigation, regarding Mr. Nichols's minor child, or about the minor child's mother, *with no time limits*.

We additionally object to Request No. 3 on the basis of spousal privilege, and Request No. 4 which seeks "any and all communications" that Mr. Wells has had with "Plaintiff's attorneys regarding anything related to Mr. Nichols, the administration of Mr. Nichol's estate, and/or this litigation" on the basis of attorney-client privilege.

Additionally, we propose the following alternate deposition dates for Mr. and Mrs. Wells in Memphis:
- Mr. Wells – May 12
- Mrs. Wells – May 13 or May 14 if April 14 is unavailable due to trial.

Thanks,

Sarah M. Raisch
Senior Attorney
**Romanucci & Blandin, LLC**
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
Phone: 312-458-1000
Direct: 312-253-8802
Fax: (312) 458-1004
Email: sraisch@rblaw.net
http: www.rblaw.net



*Go Green - Please don't print this e-mail unnecessarily.*
**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 and/or by reply e-mail.

---

**From:** Silk, Jennie <jsilk@bakerdonelson.com>
**Date:** Monday, March 31, 2025 at 6:44 PM
**To:** Sarah Raisch <sraisch@rblaw.net>, Reagan, Ian <ireagan@bakerdonelson.com>, Antonio Romanucci <aromanucci@rblaw.net>, brooke@bencrump.com <brooke@bencrump.com>, Joshua Levin <JLevin@rblaw.net>, dm@mendelsonfirm.com <dm@mendelsonfirm.com>, fjohnson@johnsonandjohnsonattys.com <fjohnson@johnsonandjohnsonattys.com>, stephenrleffler@yahoo.com <stephenrleffler@yahoo.com>, martin@sparkman-zummach.com <martin@sparkman-zummach.com>, keenandl@aol.com <keenandl@aol.com>, jkp@perrygriffin.com <jkp@perrygriffin.com>, dgodwin@gmlblaw.com <dgodwin@gmlblaw.com>, bmckinney@gmlblaw.com <bmckinney@gmlblaw.com>, domemphislaw@darrelloneal.com <domemphislaw@darrelloneal.com>, support@smitticklaw.com <support@smitticklaw.com>, Robert Spence <rspence@spencepartnerslaw.com>, jspence@spencepartnerslaw.com <jspence@spencepartnerslaw.com>, Alexis Johnson <AJohnson@rblaw.net>, cgrice <cgrice@eflawgroup.com>, ge@perrygriffin.com <ge@perrygriffin.com>, lgross@perrygriffin.com <lgross@perrygriffin.com>, mcollins@gmlblaw.com <mcollins@gmlblaw.com>, Stephen Weil <SWeil@rblaw.net>, tnorman@gmlblaw.com <tnorman@gmlblaw.com>, Dana Kondos <DKondos@rblaw.net>, Mistie@sparkman-zummach.com <Mistie@sparkman-zummach.com>, Colton Johnson Taylor <cjohnson@rblaw.net>

**Cc:** McMullen, Bruce <bmcmullen@bakerdonelson.com>, McKinney, Kelsey <kmckinney@bakerdonelson.com>, Thompson, Theresa <tthompson@bakerdonelson.com>, Morris, Angela <amorris@bakerdonelson.com>
**Subject:** RE: Subpoena and Notice of Deposition for Rodney Wells - Wells v. City of Memphis, et al., Case No. 2:23-cv-02224

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Sarah and Josh,

We never heard back from you on Plaintiff's specific objections to the document requests to Mr. Wells, nor did you provide us any dates for his deposition. If you would like to discuss this before we file the motion to compel, we are available between 9:30 and 11:30 am tomorrow.

We are also available for the deposition of Lengee Dupree on May 8.

Please advise.

**Jennie Vee Silk**
Phone  901.577.8212

---

**From:** Silk, Jennie
**Sent:** Wednesday, March 26, 2025 5:12 PM
**To:** Sarah Raisch <sraisch@rblaw.net>; Reagan, Ian <ireagan@bakerdonelson.com>; Antonio Romanucci <aromanucci@rblaw.net>; brooke@bencrump.com; Joshua Levin <JLevin@rblaw.net>; dm@mendelsonfirm.com; fjohnson@johnsonandjohnsonattys.com; stephenrleffler@yahoo.com; martin@sparkman-zummach.com; keenandl@aol.com; jkp@perrygriffin.com; dgodwin@gmlblaw.com; bmckinney@gmlblaw.com; domemphislaw@darrelloneal.com; support@smitticklaw.com; Robert Spence <rspence@spencepartnerslaw.com>; jspence@spencepartnerslaw.com; Alexis Johnson <AJohnson@rblaw.net>; cgrice <cgrice@eflawgroup.com>; ge@perrygriffin.com; lgross@perrygriffin.com; mcollins@gmlblaw.com; Stephen Weil <SWeil@rblaw.net>; tnorman@gmlblaw.com; Dana Kondos <DKondos@rblaw.net>; Mistie@sparkman-zummach.com; Colton Johnson Taylor <cjohnson@rblaw.net>
**Cc:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** RE: Subpoena and Notice of Deposition for Rodney Wells - Wells v. City of Memphis, et al., Case No. 2:23-cv-02224

Hi Sarah and Josh,

Based upon your broad objections, we intend to file a motion to compel to enforce the subpoenas duces tecum of Dixon, Dupree, and Mr. Wells on Tuesday, April 1.

You have identified these people as persons who will give testimony in this case. Specifically, the Initial Disclosures provide that these witnesses have information relevant to Plaintiff's own claims and damages.
We are entitled to take discovery, including requesting documents and communications, from these witnesses. Your objections to the document requests *in toto* are improper.

We received your specific objections to the subpoenas of Dixon and Dupree (attached). Please provide your specific objections to the subpoena of Mr. Wells no later than COB Friday, March 28. If you believe there is any room for compromise with your objections to these subpoenas, we are available to discuss on Monday, March 31 in the afternoon. If you are standing on your objections to these subpoenas *in toto*, please let us know and will note your objection in the motion to compel.

Please also provide alternate dates for Mr. Wells' deposition and for Mr. Dupree's deposition by COB Friday, March 28.

**Jennie Vee Silk**
Phone  901.577.8212

---

**From:** Sarah Raisch <sraisch@rblaw.net>
**Sent:** Wednesday, March 26, 2025 4:36 PM
**To:** Reagan, Ian <ireagan@bakerdonelson.com>; Antonio Romanucci <aromanucci@rblaw.net>; brooke@bencrump.com; Joshua Levin <JLevin@rblaw.net>; dm@mendelsonfirm.com; fjohnson@johnsonandjohnsonattys.com; stephenrleffler@yahoo.com; martin@sparkman-zummach.com; keenandl@aol.com; jkp@perrygriffin.com; dgodwin@gmlblaw.com; bmckinney@gmlblaw.com; domemphislaw@darrelloneal.com; support@smitticklaw.com; Robert Spence <rspence@spencepartnerslaw.com>; jspence@spencepartnerslaw.com; Alexis Johnson <AJohnson@rblaw.net>; cgrice <cgrice@eflawgroup.com>; ge@perrygriffin.com; lgross@perrygriffin.com; mcollins@gmlblaw.com; Stephen Weil <SWeil@rblaw.net>; tnorman@gmlblaw.com; Dana Kondos <DKondos@rblaw.net>; Mistie@sparkman-zummach.com; Colton Johnson Taylor <cjohnson@rblaw.net>
**Cc:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** RE: Subpoena and Notice of Deposition for Rodney Wells - Wells v. City of Memphis, et al., Case No. 2:23-cv-02224

Hi Ian,

Yes, we will accept service of Mr. Wells' subpoena. However, we do not agree to the April 25, 2025 date as we have not yet had an opportunity to confer on availability for a mutually agreed upon date. We also object to the

subpoena duces tecum in its entirety. We will respond further with specific objections, and get back to you on available dates for Mr. Wells' deposition.

Thank you,
Sarah Raisch

**Sarah M. Raisch**
Senior Attorney



**www.rblaw.net**

**e:** sraisch@rblaw.net
**m:** (651) 247-2988
**p:** (312) 253-8802
**f:** (312) 458-1004
**a:** 321 N Clark St, Ste 900, Chicago, IL 60654

   

 **Go Green - Please don't print this e-mail unnecessarily.**

**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.458.1000 or by reply e-mail.

---

**From:** Reagan, Ian <ireagan@bakerdonelson.com>
**Sent:** Wednesday, March 26, 2025 2:17 PM
**To:** Sarah Raisch <sraisch@rblaw.net>; Antonio Romanucci <aromanucci@rblaw.net>; brooke@bencrump.com; Joshua Levin <JLevin@rblaw.net>; dm@mendelsonfirm.com; fjohnson@johnsonandjohnsonattys.com; stephenrleffler@yahoo.com; martin@sparkman-zummach.com; keenandl@aol.com; jkp@perrygriffin.com; dgodwin@gmlblaw.com; bmckinney@gmlblaw.com; domemphislaw@darrelloneal.com; support@smitticklaw.com; Robert Spence <rspence@spencepartnerslaw.com>; jspence@spencepartnerslaw.com; Alexis Johnson <AJohnson@rblaw.net>; cgrice <cgrice@eflawgroup.com>; ge@perrygriffin.com; lgross@perrygriffin.com; mcollins@gmlblaw.com; Mirena Fontana <MFontana@rblaw.net>; Stephen Weil <SWeil@rblaw.net>; tnorman@gmlblaw.com; Dana Kondos <DKondos@rblaw.net>; Mistie@sparkman-zummach.com; Colton Johnson Taylor <cjohnson@rblaw.net>
**Cc:** McMullen, Bruce <bmcmullen@bakerdonelson.com>; Silk, Jennie <jsilk@bakerdonelson.com>; McKinney, Kelsey <kmckinney@bakerdonelson.com>; Thompson, Theresa <tthompson@bakerdonelson.com>; Morris, Angela <amorris@bakerdonelson.com>
**Subject:** Subpoena and Notice of Deposition for Rodney Wells - Wells v. City of Memphis, et al., Case No. 2:23-cv-02224

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you

recognize the sender and know the content is safe.

Counsel,

Please see the attached subpoena and deposition notice for Mr. Rodney Wells. We have noticed Mr. Wells' deposition for April 25, 2025.

Plaintiff's counsel, can you please confirm you will accept service of the attached subpoena to Mr. Wells by EOD today, March 26, 2025?

Thanks,

**Ian Reagan**
Associate

Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC
165 Madison Ave
Memphis, TN 38103
Direct: 901.577.8267 (Ext. 8267) | Cell: 731.334.1153
Email: ireagan@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, North Carolina, South Carolina, Tennessee, Texas, Virginia and Washington, D.C.

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.