IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SYMARA A.C. YOUNG, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF MEMPHIS, MEMPHIS POLICE )<br>DEPARTMENT, ONTARIAN MALONE, )<br>MARQUAVIUS WILLIAMS, and )<br>MARTERRION BRISCOE, )<br>    Defendants. )<br>_____ )<br>)<br>SHONDA R. WHITE, INDIVIDUALLY )<br>AND AS MOTHER AND NEXT FRIEND )<br>OF LASUNDRA JOSEPHINE WHITE, A )<br>MINOR, and JASMINE KINDS, )<br>DECEASED MINOR, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF MEMPHIS, TENNESSEE, )<br>MEMPHIS POLICE DEPARTMENT, )<br>ONTARIAN MALONE, MARQUAVIUS )<br>WILLIAMS, MARTERRION BRISCOE, )<br>and XAVIER HUNT, )<br>)<br>    Defendants. ) | No. 2:25-cv-2799-SHL-atc<br>No. 2:25-cv-2800-SHL-atc |

**ORDER REQUIRING COUNSEL TO SUBMIT AFFIDAVITS**

On January 12, 2026, the Court held a status conference in these consolidated matters via Microsoft Teams. (ECF No. 66.) Following the hearing, David Mendelson, counsel for Plaintiffs in the Shonda White matter (White v. City of Memphis, et al., ("White") 25-cv-2800-SHL-atc), filed a Notice of Inadvertent Recording of January 12, 2026 Hearing. (ECF No. 69.)

In the Notice, counsel explained that he "unknowingly and unintentionally recorded the January 12, 2026 status hearing that was held virtually via Microsoft Teams, using an artificial intelligence (AI) feature of Microsoft Teams known as Read AI." (Id. at PageID 477.)[1] Mendelson explained that neither he nor any of his co-counsel knew that the Read AI feature was activated, that he had no intention of recording the meeting, whether through Read AI or otherwise, and, to "Plaintiff[s'] counsel's knowledge, the Read AI feature has not been used to record any other conference or proceeding in this or any other case in which Plaintiff[s'] counsel is involved in this Court." (Id. at PageID 478.)

Defendant City of Memphis responded the next day, alleging that "Plaintiff's Notice confirms what counsel for the City has long suspected: Plaintiff White's counsel, attorneys from Romanucci & Blandin, LLC and from Mendelson Law Firm . . . have been using an AI tool to transcribe and record meet-and-confers, depositions, and now, they used AI to record a court hearing." (ECF No. 71 at PageID 482.)[2] The City "asks the Court to exercise its inherent authority to address Plaintiff's attorneys' behavior, particularly the attorneys admitted to this Court on a pro hac vice basis[,] requests that the Court order Plaintiff to preserve all unauthorized recordings and any information given to or generated from an AI tool related to the Wells, Young, and White cases," and asks that the Court set a hearing to address the issue.

The recording of the January 12 status conference violated Local Rule 83.2(a)(1), which provides:

---

[1] Before Plaintiffs filed their notice, counsel for Defendants reached out to Plaintiffs' counsel to notify them that all three attorneys for Defendant City of Memphis received an email with the recap of the January 12 status conference via Read AI. (ECF Nos. 71-1; 71-2.) Court personnel received the same email.

[2] Defendants assert that the same conduct has occurred in Wells v. City of Memphis, Case No. 2:23-cv-02224 (W.D. Tenn.). (Id.) There is some overlap among counsel for the plaintiffs in the two cases.

> The taking of photographs or the recording of transmission of Court Proceedings[], whether in person or conducted virtually through an online platform, or the airing of radio, television or internet broadcasts by non-Court personnel from the floors of the Courthouse occupied by the Courts during the progress of or in connection with judicial proceedings or grand jury proceedings, including proceedings before a Magistrate Judge, whether or not Court is actually in session, are prohibited. In addition, the airing of radio, television, or internet broadcasts by non-Court personnel of any proceedings being conducted virtually through an online platform are also prohibited.

Defendants' counsel has raised concerns that the recording of the January 12 proceedings was not a one-off incident, and was not, in fact, unintentional.  Even apart from the serious allegations contained in Defendants' response that go beyond this violation of Local Rule 83.2(a)(1), the Court has concerns about whether there have been other instances of such violations.  Therefore, within one week of the entry of this Order, each attorney for the Plaintiffs in White shall file on the docket an affidavit detailing whether they or anyone acting on their behalf have made any other recording using Read AI or any other mechanism that violates Local Rule 83.2(a)(1) in this or any other matter before courts in the Western District of Tennessee. The affidavits shall also explain whether counsel, or other attorneys affiliated with counsel or anyone acting on their behalf, have recorded any other non-judicial proceedings in this or the Wells matter without first informing opposing counsel that the interactions would be recorded. This shall include, but not be limited to, meet and confer sessions, depositions, and any other interactions to which an opposing party or their counsel was present.  Plaintiffs' counsel shall detail any such recordings and retain them pending further order from the Court.

**IT IS SO ORDERED,** this 14th day of January, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE