# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| SYMARA A.C. YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS and MEMPHIS POLICE DEPARTMENT,<br><br>    Defendants.<br><br>_____<br><br>SHONDA R. WHITE, INDIVIDUALLY AND AS MOTHER AND NEXT FRIEND OF LASUNDRA JOSEPHINE WHITE, A MINOR, and JASMINE KINDS, DECEASED MINOR,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF MEMPHIS, TENNESSEE,<br><br>    Defendants. | No. 2:25-cv-2799-SHL-atc<br>No. 2:25-cv-2800-SHL-atc |

**ORDER GRANTING DEFENDANT CITY OF MEMPHIS' MOTION TO DISMISS PLAINTIFF SHONDA R. WHITE'S FEDERAL CLAIM AND REMANDING NEGLIGENCE CLAIM TO STATE COURT**

Before the Court is Defendant City of Memphis, Tennessee's Motion to Dismiss Plaintiff Shonda R. White's Third Amended Complaint, filed February 9, 2026. (ECF No. 82.)[1] White responded on March 9 (ECF No. 85), and Defendant replied to that response on March 23 (ECF No. 86). In her response, White asserts that she does not oppose the dismissal of the federal

---

[1] White's Third Amended Complaint names as a Defendant the City of Memphis, which operates the Memphis Police Department, but does not separately name the Police Department as a Defendant.

claim she makes against the City, which is found in Count II of the Third Amended Complaint, but does oppose the dismissal of her state-law negligence claim against the City found in Count VII.[2]  Given the lack of opposition to the dismissal of the federal claim against the City in Count II, the City's Motion to Dismiss is **GRANTED** as to that Count.

White asserts that in circumstances such as these, where the federal claims are dismissed from a removed case and state-law claims are all that remain, the appropriate approach is to remand the state-law claims for disposition in the state court where the case originated.  (ECF No. 85 at PageID 596–97.)  The City counters that the Court should reach the merits of its motion to dismiss the negligence claim found in Count VII, and dismiss the claim as barred by the civil rights exception of Tennessee's Governmental Tort Liability Act (the "TGTLA").  (ECF No. 86 at PageID 600–03.)  However, the City asserts that, if the Court does not dismiss Count VII, it takes no position on whether the case should be remanded.  Ultimately, it asserts that, assuming the federal claim is dismissed, "the City does not oppose the Court exercising its discretion pursuant to 28 U.S.C. § 1367(c)(3) to either continue exercising supplemental jurisdiction over a remaining state law claim or remanding the matter to the state court as Plaintiff requests."  (Id. at PageID 604.)

Under the rules governing a federal court's supplemental jurisdiction, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).  As Defendant acknowledges, "[a]lthough it is within the Court's discretion to

---

[2] On February 10, 2026, the Court entered an Order Dismissing Defendants Ontarian Malone, Marquavius Williams, Xavier Hunt, and Marterrion Briscoe from the case without prejudice.  (ECF No. 84.)  Counts I, III, IV, V, and VI of the Third Amended Complaint contained allegations only against those dismissed Defendants.

exercise supplemental jurisdiction on remaining state law claims after dismissal of federal law claims, the typical practice among federal courts in the Sixth Circuit in similar circumstances is to remand the case to state court to resolve remaining issues of state law." (ECF No. 86 at PageID 604 (citing Devereux v. Knox Cnty., 15 F.4th 388, 396 (6th Cir. 2021)).

In the Sixth Circuit, "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims." Musson Theatrical, Inc. v. Fed. Exp. Corp., 89 F.3d 1244, 1255 (6th Cir. 1996), amended on denial of reh'g, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998). The Sixth Circuit has "repeatedly recognized that a district court should generally decline jurisdiction over state claims if it has resolved the federal claims before trial." Cotterman v. City of Cincinnati, Ohio, No. 21-3659, 2023 WL 7132017, at *7 (6th Cir. Oct. 30, 2023) (collecting cases). "The presumption that a 12(b)(6) dismissal of the touchstone claims precludes the exercise of supplemental jurisdiction over any remaining claims can be overcome in 'unusual circumstances.'" Musson, 89 F.3d at 1255 (quoting Gaff v. Federal Deposit Ins. Corp., 814 F.2d 311, 318 (6th Cir. 1987)). In Musson, the court explained that "unusual circumstances" typically include "some prejudice arising from relegating the case for trial in the state court." Id. (quoting Nolan v. Meyer, 520 F.2d 1276, 1280 (2d Cir. 1975)). Here, no such unusual circumstances exist. Indeed, this matter proceeded in state court for more than year before Plaintiff amended her complaint to add the allegations relating to civil rights violations under § 1983. (See ECF No. 1-3.)

Ultimately, given that the Court has dismissed Plaintiffs' federal claim and the strong presumption against exercising supplemental jurisdiction in such circumstances, along with the fact that whether the City enjoys immunity from Plaintiff's negligence claims under the TGTLA

is a question better suited for the state court to address, the sole remaining claim for negligence in Plaintiff's third amended complaint is hereby remanded to state court.

**IT IS SO ORDERED,** this 2nd day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

4