**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| SYMARA A.C. YOUNG, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-2799-SHL-atc |
| | ) | |
| CITY OF MEMPHIS and MEMPHIS POLICE DEPARTMENT, | ) | |
|     Defendants. | ) | |

**ORDER GRANTING CITY DEFENDANTS' MOTION TO DISMISS PLAINTIFF SYMARA A.C. YOUNG'S FEDERAL CLAIM AND REMANDING NEGLIGENCE CLAIM TO STATE COURT**

Before the Court is Defendant City of Memphis and Memphis Police Department's (the "City Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint.[1]  After the Motion was fully briefed, Plaintiff Symara A.C. Young filed a Motion for Leave to File a Supplemental Memorandum in Response to City of Memphis's Second Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on April 3, 2026.  (ECF No. 88.)  The Court granted that motion, and Young filed her supplemental memorandum on April 5. (ECF No. 90.)

In the motion seeking to file the supplemental response and the supplemental memorandum, Young explained that she does not object to the dismissal of her federal claim,

---

[1] The City Defendants filed their motion to dismiss in this case before it was consolidated with <u>Shonda R. White, Individually and as Mother and Next Friend of Lasundra Josephine White, a Minor, and Jasmine Kinds, Deceased Minor v. City of Memphis, Tennessee</u>, 25-cv-2800-SHL-atc.  The Court entered an Order dismissing the federal claims in that case and remanding the remaining claims to state court.  (ECF No. 87.)  For ease of reference, the Court relies on the ECF filings from the consolidated cases, that is 25-cv-2799, herein.

and asserts that the Court should take an approach consistent with its decision in the related White matter, where it dismissed the federal claim and remanded the case to state court for a determination of the state-law claim.  (ECF No. 88 at PageID 612.)

The City Defendants filed a response to the supplemental memorandum on April 20, 2026.  (ECF No. 91.)  The City Defendants' response, like their response to the similar motion in the White matter, asserts that the Court should dismiss all of Young's claims, including the state-law claim.  According to the City Defendants, "[b]ecause Plaintiff does not oppose dismissal of her federal claims and fails to demonstrate she has a viable state law claim under the [Tennessee Governmental Torts Liability Act], the Court should dismiss both claims with prejudice."  (ECF No. 91 at PageID 640.)

There is distinction between the position the City Defendants took in White versus the position it has taken in this case, however.  In White, the City Defendants explained that they did "not oppose the Court exercising its discretion pursuant to 28 U.S.C. § 1367(c)(3) to either continue exercising supplemental jurisdiction over a remaining state law claim or remanding the matter to the state court as Plaintiff requests" (ECF No. 86 at PageID 604), while acknowledging that "the typical practice among federal courts in the Sixth Circuit in similar circumstances is to remand the case to state court to resolve remaining issues of state law" (id. (citing Devereux v. Knox Cnty., 15 F.4th 388, 396 (6th Cir. 2021))).  Here, however, the City makes no such concession, acknowledging that, although it is usually best in such circumstances to allow the state courts to decide state issues, "there is a strong interest in promoting judicial economy by dismissing Plaintiff's state law claims" here rather than remanding them to the state court for adjudication.  (ECF No. 91 at PageID 645.)  The City Defendants assert that "remanding

2

Plaintiff's state law claims will force them to re-litigate arguments which they have fully briefed in the present action," and that the state law claims do not present complex issues of law.  (Id.)

"[O]verwhelming interests in judicial economy may allow a district court to properly exercise its discretion and decide a pendent state claim even if the federal claim has been dismissed before trial."  Aschinger v. Columbus Showcase Co., 934 F.2d 1402, 1412 (6th Cir. 1991) (citing Province v. Cleveland Press Publ'g Co., 787 F.2d 1047, 1054 (6th Cir. 1986)).  "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'"  Gamel v. City of Cincinnati, 625 F.3d 949, 951–52 (6th Cir. 2010) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).  A court may consider additional factors, including "the avoidance of multiplicity of litigation," as well as "whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case."  Id. (citations omitted).

Here, the Court **GRANTS** the City's motion to dismiss Young's federal claims based on her lack of opposition.  This leaves the only question whether the Court will exercise jurisdiction over the state law TGTLA claim.  Each of the relevant factors weighs in favor of remanding the case the state court.  It will be more convenient to have what is left of this matter—and what was originally at issue before a federal claim was added and the matter was removed—heard in state court.  That is where the case began, where the bulk of the litigation in the case has taken place, and where the White matter, the case that this case was previously consolidated with both here and in state court, was recently remanded.  There are no overwhelming interests in judicial economy that recommend that the Court retain jurisdiction over the state law claim, as the parties can focus any future motion practice on the narrow set of issues that will be pending before the

3

state court.  Moreover, remanding this case to the state court will not only serve to avoid the multiplicity of litigation, as the White matter involves the same incident that gives rise to the claims in this matter, but it will also help avoid the risk of conflicting resolutions for similar legal issues, all of which deal with the application of state law.  In short, judicial economy, convenience, fairness, and comity all weigh in favor of remand, and the Court assumes that the case will once again be consolidated in state court with the White matter, which also will avoid the multiplicity of litigation.  Accordingly, the factors weigh in favor of following the typical practice among federal courts in the Sixth Circuit, and remanding the case to state court to resolve remaining issues of state law.

For the foregoing reasons, the Court also finds it appropriate to dismiss Young's 28 U.S.C. § 1983 claim, and to remand her remaining claim to state court.

**IT IS SO ORDERED,** this 21st day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE